IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MEMORYLINK CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-cv-3301 |
| | ) | |
| v. | ) | The Honorable William J. Hibbler |
| | ) | United States District Judge |
| MOTOROLA, INC., | ) | |
| | ) | The Honorable Nan R. Nolan |
| Defendant. | ) | United States Magistrate Judge |

## MOTOROLA, INC.'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Motorola, Inc. moves to dismiss Memorylink Corporation's Complaint with prejudice. As set forth in Motorola's Supporting Memorandum, Memorylink's claims fail for the following reasons:

1. In Memorylink's forty-seven page Complaint, it seeks to renege on deals it struck by claiming – ten years after the fact – that Motorola tricked it into agreeing to joint ownership of an invention relating to high speed, digitally formatted data transmission.

2. Memorylink's Complaint centers on fraud claims; indeed, Memorylink pleads fraud in various ways in six Counts, and numerous other Counts hinge on the contention that its contracts with Motorola were fraudulently induced.

3. Memorylink's claims, however, are repeatedly contradicted by Memorylink's own allegations and by the very exhibits Memorylink attached to its Complaint. Though Memorylink tries to artfully plead around the relevant agreements, its own exhibits demonstrate that Memorylink got what it bargained for, and now simply has buyer's remorse. Thus, as a matter of law, those claims cannot stand.

4. Memorylink's fraud claims are legally deficient in numerous other ways, including:

- Memorylink does not plead any of its fraud claims with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure.

- Memorylink's fraud claims are based on statements of law, which are not legally actionable.

- Memorylink cannot establish the justifiable reliance element of its fraud claims because it had an opportunity to review the contractual terms it now claims are fraudulent, and drafted the documents that formed the basis of those terms.

5. Furthermore, Memorylink's fraud claims and most of its other claims arose in 1998 and are barred by the statute of limitations.

6. Each and every one of Memorylink's other assorted claims – including tort claims such as tortious interference, purported contract claims, and claims for correction of inventorship and conversion – likewise suffers from fatal legal deficiencies.

WHEREFORE, for the reasons stated herein and discussed in further detail in the attached Memorandum, Motorola respectfully requests that this Court dismiss Memorylink's Complaint with prejudice.

August 1, 2008

Respectfully submitted,

/s/ Anne M. Sidrys, P.C.
Anne M. Sidrys, P.C. (6209457)
Mark J. Nomellini (6243579)
Nyika O. Strickland (6275717)
Jess M. Krannich (6286635)
KIRKLAND & ELLIS LLP
(Firm No. 90443)
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000

*Attorneys for Defendant Motorola, Inc.*

2

## CERTIFICATE OF SERVICE

I, Anne M. Sidrys, hereby certify that on August 1, 2008, I caused a copy of the foregoing, MOTOROLA, INC.'S MOTION TO DISMISS, MEMORANDUM IN SUPPORT OF MOTION, and APPENDIX A to be served via the court's CM/ECF System.

I also certify that I caused the foregoing and the APPENDIX OF AUTHORITIES to be served via First Class Mail, postage prepaid, on the following counsel of record:

> Michael J. Femal
> Richard Kessler
> Peter Berk
> MCDONALD HOPKINS LLC
> 640 N. LaSalle Street
> Suite 590
> Chicago, IL 60610

> /s/ Anne M. Sidrys, P.C.
> Anne M. Sidrys, P.C. (6209457)
> KIRKLAND & ELLIS LLP
> (Firm No. 90443)
> 200 East Randolph Drive
> Chicago, Illinois 60601
> (312) 861-2000
>
> *Attorney for Defendant Motorola, Inc.*