IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEMORYLINK CORPORATION,  ) | |
| ) | Case No. 08-cv-3301 |
| Plaintiff,  ) | |
| ) | The Honorable William J. Hibbler |
| v.  ) | United States District Judge |
| ) | |
| MOTOROLA, INC.,  ) | The Honorable Nan R. Nolan |
| ) | United States Magistrate Judge |
| Defendant.  ) | |

**MOTION FOR JUDGMENT ON THE PLEADINGS
WITH RESPECT TO COUNTS III, IV, IX, X, AND XVII–XXI**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Motorola, Inc. ("Motorola") moves for judgment on the pleadings with respect to Counts III, IV, IX, X, and XVII-XXI. As set forth in Motorola's Supporting Memorandum, Motorola's Motion should be granted for the following reasons:

1. Count III (Declaratory Judgment that the Assignment is Void *Ab Initio*) fails because to the extent Memorylink's position is that Strandwitz and Kniskern received no consideration, those individuals are not parties to the lawsuit, and Memorylink does not have standing to challenge the consideration that Strandwitz and Kniskern received.

2. Count III also fails because Strandwitz, Kniskern, and Memorylink each received consideration for the June 1998 Assignment as a matter of law.

3. Count IV (Infringement of the '352 Patent) fails as a matter of law because the June 1998 Assignment is valid, and as a joint owner of the '352 Patent, Motorola cannot be liable for patent infringement.

4. Count IX (Promissory Fraud) and Count X (Negligent Misrepresentation) should be dismissed in their entirety because neither is based on the '938 Patent.

5. Count XVII (Conversion), Count XVIII (Common Law Fraud), Count XIX (Conversion), and Count XX (Common Law Fraud) should be dismissed in their entirety because the scenario in which they are pled will never unfold with respect to the '938 Patent, and thus they are not based on the '938 Patent.

6. Count XXI (Breach of Contract) does not state a claim with respect to the January 1998 Memorandum of Understanding, executed between Motorola, Plexus, and Interactive Broadcasting, because Memorylink has not pled that Motorola consented to such an assignment.

WHEREFORE, for the reasons stated herein and discussed in further detail in the attached Memorandum, Motorola respectfully requests that this Court grant Motorola's Motion for Judgment on the Pleadings With Respect to Counts III, IV, IX, X, and XVII-XXI.

Dated: November 12, 2009					Respectfully submitted,

/s/ Anne McClain Sidrys
Anne McClain Sidrys (6209457)
Mark J. Nomellini (6243579)
Nyika O. Strickland (6275717)
KIRKLAND & ELLIS LLP (Firm No. 90443)
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*Attorneys for Defendant Motorola, Inc.*

## **CERTIFICATE OF SERVICE**

I, Anne McClain Sidrys, hereby certify that on November 12, 2009, I caused a copy of the foregoing, MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO COUNTS III, IV, IX, X, AND XVII–XXI to be served via the court's CM/ECF System:

/s/ Anne McClain Sidrys
Anne McClain Sidrys (6209457)
KIRKLAND & ELLIS LLP (Firm No. 90443)
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*Attorney for Defendant Motorola, Inc.*