Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3301 | **DATE** | 12/7/2009 |
| **CASE TITLE** | MEMORYLINK CORP. v. MOTOROLA, INC. | | |

**DOCKET ENTRY TEXT:**

The Court DENIES Defendant's motion for judgment on the pleadings [92] with prejudice as to Counts III and IV and without prejudice as to Counts IX, X, and XVII-XXI. The Court gives Plaintiff leave to file an amended complaint by December 21, 2009, taking Defendant's objections to those counts into account.

■[For further details see text below.]                                              Docketing to mail notice.

## STATEMENT

Insofar as it concerns Counts III and IV of the Complaint, Defendant's motion for judgment on the pleadings appears to simply seek further consideration by the Court of the same issues addressed previously in the proceedings following Defendant's motion to dismiss and Plaintiff's motion for reconsideration. Nonetheless, because the Court has not yet explicitly addressed the issue of whether all the parties to the contested Assignment received proper consideration in its previous opinions, it does so here. Taking all of Plaintiff's allegations as true, the Court finds that Plaintiff has in fact stated a claim based on a lack of consideration in Count III of its Complaint.

The parties seem to agree that Strandwitz and Kniskern may have received valid consideration from Memorylink for assignment of their rights to Memorylink. They may be correct, given the language in the Assignment indicating that they received "one dollar and other good and valuable consideration." Courts have accepted this as valid consideration in an agreement with an employer with the presumption that the unspecified condition includes salary and employee benefits. *See, e.g., Diamond Scientific Co. v. Ambico, Inc.*, 848 F.2d 1220, 1225 (Fed. Cir. 1988). Thus, Strandwitz and Kniskern may have in fact assigned their rights to Memorylink, and Memorylink would therefore have standing to bring this suit to enforce those rights. However, at least at the pleading stage, the Court need not accept that Strandwitz, Kniskern, or Memorylink received valuable consideration from Motorola. "Generally, courts will not inquire into the sufficiency of the consideration that supports a contract. However, where the amount of the consideration is so grossly inadequate as to shock the conscience of the court, the contract will fail." *O'Neill v. DeLaney*, 92 Ill. App. 3d 292, 297, 415 N.E.2d 1260, 1265 (Ill. App. Ct. 1980) (internal citations omitted); *see also* 3 Williston on Contracts § 7:21 (4th Ed. 2009) (explaining the trend among modern courts to take nominal consideration as

Page 1 of 2

evidence of the absence of good faith bargaining). Given that Motorola provided no apparent consideration, such as employment, in addition to the nominal one dollar mentioned in the Assignment, the Court will not assume that consideration was valid in this case. Motorola's claims that it granted Memorylink shared rights to the patent as consideration are inadequate, as Memorylink alleges that Motorola had no rights to the patent to grant to Memorylink. Thus, the Court denies Motorola's motion as to Count III with prejudice. In addition, because Motorola's motion regarding Count IV is based entirely on the fact that Count IV can only stand if Count III remains, the Court denies the motion as to Count IV with prejudice as well.

Defendant moves for judgment on the pleadings with regard to Counts IX, X, and XVII-XX on the grounds that those counts are not based on the '938 Patent and the Court dismissed them in its October 15, 2009 opinion insofar as they were based on the '352 Patent. There appears to be some validity to Motorola's arguments. The parties did not address these arguments with much specificity at oral argument, however. In order to simplify the pleadings, the Court grants Memorylink leave to file an amended complaint by December 21, 2009. Memorylink should not include any of the above counts in its new complaint if they are not in fact based on the '938 Patent. Should Memorylink fail to file an amended complaint or to provide valid reason for why such an amendment is unnecessary, the Court will dismiss the counts at issue. The Court will address any remaining concerns Motorola after that filing. Thus, the Court denies Motorola's motion as to Counts IX, X, and XVII-XX without prejudice.

Finally, Defendant moves for judgment on the pleadings as to Count XXI insofar as it concerns the first Memorandum of Understanding (MOU) at issue in the case. Motorola argues that the parties to the MOU could not assign their rights to Memorylink without Motorola's prior written consent and that Memorylink fails to allege that Motorola provided such consent. The parties did not address this issue at oral argument. However, the Court once again notes that Motorola's arguments have some validity. Thus, the Court grants Memorylink leave to address any alleged consent to the assignment or any exception to that requirement in its amended complaint. The Court therefore denies Motorola's motion as to Count XXI without prejudice as well.

*Wm. J. Hibbler*