IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEMORYLINK CORP., a Wisconsin Corporation, Plaintiff, v. MOTOROLA, INC., a Delaware corporation, Defendant. | Case No.: 08 cv 03301 **DEMAND FOR JURY TRIAL** |

### AMENDED COUNTS TO MEMORYLINK'S COMPLAINT FOR INVENTORSHIP CORRECTION AND FOR PATENT INFRINGEMENT

Plaintiff MEMORYLINK CORP. by its attorneys, McDONALD HOPKINS LLC, pursuant to the Court's order dated December 7, 2009, submits the following Amended Counts IX, X, XVII, XVIII, XIX, XX, XXI, XXII, XXIII, XXIV, XXV and XXVI.

1 – 151    Plaintiff Memorylink incorporates by reference paragraphs 1 through 151 of its Complaint for Inventorship Correction and For Patent Infringement ("Complaint"), and the exhibits referred to therein.

### COUNT IX
### PROMISSORY FRAUD[1]

218.   Memorylink realleges paragraphs 1 through 151 and 158 through 165 and 209 through 217 of its Complaint as and for this paragraph 218.

219.   Defendant Motorola made false promises of future actions to Memorylink including, but not limited to, promises of entering into definitive agreements, with the intent to deceive Memorylink into continuing to share information with Motorola and to allow Motorola

---

[1] This Count repled for preservation of the issue on appeal with respect to the Court's ruling on December 7, 2009. The amendment to this count as requested by the Court in the December 7, 2009 order is contained at Count XXII.

to use the Invention for demonstrations with its potential customers and promises of letting Memorylink use its 5 GHz radio technology with its Invention if it discontinued its ASIC development of its own 5 GHz radio.

220. Motorola made such false promises to induce Memorylink to lose rights in and grant rights to the Invention to Motorola.

221. Motorola also made false promises with the intent to induce Memorylink to create technology that Motorola would subsequently steal.

222. Motorola further made false promises with the intent to induce Memorylink to abandon its state-of-the-art ASIC 5 GHz radio technology at a great cost to Memorylink and replace it with Motorola's radio.

223. Memorylink reasonably relied on Motorola's false promises.

224. Memorylink has been and continues to be, damaged by its reliance on Motorola's false promises.

225. Motorola's promises of future conduct were part of an overall scheme to defraud Memorylink.

226. But for Motorola's false promises, Memorylink would not have provided information on the various uses and applications of its Invention and abandoned its costly ASIC radio development required to work in tandem with any uses or applications of the Invention.

## COUNT X – In the Alternative
## NEGLIGENT MISREPRESENTATION[2]

227. Memorylink realleges paragraphs 1 through 48, 50 through 65 and 69 through 151 of its Complaint as and for this paragraph 227.

---

[2] This Count repled for preservation of the issue on appeal with respect to the Court's ruling on December 7, 2009. We did not amend this Count.

228. During face-to-face meetings with Motorola engineers and management prior to signing any formal documents related to the Known Patent application, Motorola affirmatively represented to Memorylink, through Strandwitz, that Motorola's employees needed to be on the patent application as co-inventors.

229. Prior to June 11, 1998 Motorola represented to Strandwitz and Kniskern that in order for parties to continue to work jointly together to further develop applications for the Invention when one party, such as Motorola prepares and files the patent application, the other parties, [Strandwitz and Kniskern] would have to assign their rights in the Invention to Motorola and Memorylink.

230. Motorola's statements were false statements of a material facts.

231. Motorola was careless and/or negligent in ascertaining the truth of each of such statements.

232. The foregoing false statements were made for the purpose of inducing Memorylink to allow Motorola employees to be named on the patent application as co-inventors and to cause Strandwitz and Kniskern to execute the Assignment.

233. Motorola was in the business of providing information in connection with these false statements.

234. It was the duty to Motorola to communicate accurate information to Memorylink.

235. Memorylink relied on Motorola's false statements.

236. But for Motorola's false statements, neither Strandwitz nor Kniskern would have allowed Motorola's employees to be named as co-inventors on the patent application or assigned the Invention to Motorola and Memorylink would not have abandoned its almost completed

advanced ASIC radio design required to transmit and receive the streaming video signals from the Invention.

237. Memorylink has been, and will continue to be, damaged by Motorola's actions.

## COUNT XVII
## CONVERSION (In the Alternative)[3]

269. Memorylink realleges Paragraphs 1 through 151 of its Complaint as and for this paragraph 269.

270. In the event that the Court finds Motorola's conduct before the USPTO was inequitable, then, alternatively, Memorylink brings this claim for conversion of the Invention.

271. Memorylink had an exclusive right to the Invention.

272. Memorylink had the sole right to intellectual property related to the Invention, including the Known Patent and the Secret Patent.

273. Motorola wrongfully gained rights to, and interfered with Memorylink's use and benefit of Memorylink's intellectual property, including the Known Patent and the Secret Patent.

274. If the Known Patent and/or the Secret Patent are found unenforceable, such a finding is due solely to Motorola's actions.

275. If the Known Patent and/or the Secret Patent are found unenforceable, Memorylink will have been damaged by Motorola's conversion of Memorylink's intellectual property in Memorylink being unable to license the Invention in numerous applications in many industries.

## COUNT XVIII
## COMMON LAW FRAUD (In the alternative)[4]

---

[3] This Count repled for preservation of the issue on appeal with respect to the Court's ruling on December 7, 2009. the amendment to this count as requested by the Court is contained at Count XXIII.
[4] This Count repled for preservation of the issue on appeal with respect to the Court's ruling on December 7, 2009. the amendment to this count as requested by the Court is contained at Count XXIV.

{1983935:}                           - 4 -

276. Memorylink realleges paragraphs 1 through 151 of its Complaint as and for this paragraph 276.

277. In the event that the Court finds Motorola's conduct before the USPTO was inequitable, then, alternatively, Memorylink brings this claim for fraud.

278. Defendant Motorola made false statements and omissions of material fact to Memorylink with the intent to deceive Memorylink.

279. Motorola made false statements and omissions to induce Memorylink to assign the Known Patent to Motorola also by failing to explain the legal standard of who qualifies as an inventor.

280. Motorola made false statements and omissions to induce Memorylink to lose rights in the Invention and grant rights in the Invention to Motorola by stating that Motorola employees had to be inventors on the patent if the parties had a joint patent agreement and worked together.

281. Motorola made false statements and omissions to induce Memorylink to assign the Known Patent to Motorola also by failing to explain the legal consequences of Strandwitz and Kniskern jointly assigning the Known Patent to Motorola and Memorylink

282. Motorola made false statements and omissions to induce Memorylink to assign the Known Patent to Motorola by omitting to tell Memorylink what the standard of inventorship was to be included as a co-inventor on a patent application.

283. Motorola made false statements and omissions to gain rights in the Secret Patent.

284. Motorola also made false statements and omissions with the intent to induce Memorylink to create technology that Motorola would subsequently steal.

285. Memorylink reasonably relied on Motorola's false statements and omissions to Memorylink's detriment.

286. But for Motorola's false statements and omissions of material fact concerning inventorship, the Assignment and the legal effects of joint ownership of the patent right, Memorylink would not have assigned its Invention to Motorola and would have objected to the addition of Motorola's employees as co-inventors on the patent application.

287. If the Known Patent and/or the Secret Patent are found unenforceable, such a finding is due solely to Motorola's improper actions.

288. If the Known Patent and/or the Secret Patent are found unenforceable, Memorylink will have been damaged by Motorola's fraud in Memorylink being unable to license the Invention in numerous applications in many industries.

## COUNT XIX
## CONVERSION (In the Alternative)[5]

289. Memorylink realleges Paragraphs 1 through 151 of its Complaint as and for this paragraph 289.

290. In the event that the Court finds that one or both of the Known Patent and the Secret Patent are invalid for any reason, then, alternatively, Memorylink brings this claim for conversion of the Invention.

291. Memorylink had an exclusive right to the Invention.

292. Memorylink had the sole right to intellectual property related to the Invention, including the Known Patent and the Secret Patent.

293. Motorola wrongfully gained rights to, and interfered with Memorylink's use and benefit of Memorylink's intellectual property, including the Known Patent and the Secret Patent.

---

[5] This Count repled for preservation of the issue on appeal with respect to the Court's ruling on December 7, 2009. The amendment to this count as requested by the Court is contained at Count XXV.

{1983935;}

294.  If the Known Patent and/or the Secret Patent are found invalid, such a finding is due solely to Motorola's actions.

295.  If the Known Patent and/or the Secret Patent are found invalid, Memorylink will have been damaged by Motorola's conversion of Memorylink's intellectual property in Memorylink being unable to license the Invention in numerous applications in many industries.

## COUNT XX
## COMMON LAW FRAUD (In the alternative)[6]

296.  Memorylink realleges paragraphs 1 through 151 of its Complaint as and for this paragraph 296.

297.  In the event that the Court finds that one or both of the Known Patent and the Secret Patent are invalid for any reason, then, alternatively, Memorylink brings this claim for fraud.

298.  Defendant Motorola made false statements and omissions of material fact to Memorylink with the intent to deceive Memorylink by stating that Motorola employees had to be placed on the patent application if Memorylink and Motorola were going to jointly work together and that Memorylink had to assign an interest in the patent to Motorola when Motorola made no contribution to the invention and by Motorola's omissions in telling Memorylink what constituted an inventor on a patent application.

299.  Motorola made false statements and omissions to induce Memorylink to lose rights in the Invention and grant rights in the Invention to Motorola by omission in telling Memorylink that Motorola's employees were inventors on the patent and by having Memorylink inventors sign an assignment to Motorola when there is no basis for such an assignment.

---

[6] This Count repled for preservation of the issue on appeal with respect to the Court's ruling on December 7, 2009. the amendment to this count as requested by the Court is contained at Count XXVI.

300. Motorola made false statements and omissions to induce Memorylink to assign the Known Patent to Motorola by stating that Memorylink inventors must assign their interest to Memorylink even though Motorola knew its employees were not true inventors.

301. Motorola made false statements and omissions to induce Memorylink to assign the Known Patent to Motorola also by failing to explain the consequences of Strandwitz and Kniskern jointly assigning the Known Patent to Motorola and Memorylink

302. Motorola made false statements and omissions to gain rights in the Secret Patent by omitting to tell Memorylink that it was filing the secret patent on an invention that belonged solely to Memorylink.

303. Motorola also made false statements and omissions with the intent to induce Memorylink to create technology that Motorola would subsequently steal by telling Memorylink that it would enter into definitive agreements outlined in four separate MOUs over a period of several years covering individual technology developments of Memorylink useful in its cellular phone business and Canopy product line and also leading Memorylink on that its would partner with them on Homeland security applications and other applications that it issued news releases stating that the patented Invention of Memorylink would be used in Motorola's Canopy product line as well as stating that Motorola would share its 5 GHz radio technology with Memorylink to use in connection with uses and applications of its Invention.

304. Memorylink reasonably relied on Motorola's false statements and omissions to Memorylink's detriment.

305. But for Motorola's false statements Memorylink would not have shared any of its uses and applications of its Invention, nor would it have provided Motorola demonstration units

that it showed customers or shared it latest ASIC radio technology with Motorola who was behind Memorylink with its discrete component technology for radio.

306. If the Known Patent and/or the Secret Patent are found invalid, such a finding is due solely to Motorola's actions.

307. If the Known Patent and/or the Secret Patent are found invalid, Memorylink will have been damaged by Motorola's fraud in Memorylink being unable to license the Invention in numerous applications in many industries.

## COUNT XXI
## BREACH OF CONTRACT

308. Memorylink realleges Paragraphs 1 through 151 of the Complaint as and for this paragraph 308.

309. As determined by the Court, the First MOU (Exhibit 3) is a valid and binding contract.

310. Memorylink performed all of its obligations and duties under the First MOU.

311. The First MOU was assigned to Memorylink by Plexus and Interactive Broadcasting.

312. Motorola was aware of that assignment and, by its actions, including correspondence to and with Memorylink, indicated its approval of that assignment and waived conformance with the requirement of prior written consent to such assignment.

313. Such actions include, but are not limited to, sending a Proposed Joint Patent Filing Agreement between Motorola and Memorylink to Memorylink that referred to the First MOU as a "letter of intent," accepting Memorylink's confidential Wireless Multimedia Core Technology Overview, and various correspondence from Memorylink to which Motorola did not object.

314. As determined by the Court, the two August 27, 2001 Memoranda of Understanding (Exhibits 13 and 14) are valid and binding contracts.

315. Memorylink performed all of its obligations and duties under the two August 27, 2001 Memoranda of Understanding.

316. As determined by the Court, the Fourth MOU (Exhibit 16) is a valid and binding contract.

317. Memorylink performed all of its obligations and duties under the Fourth MOU.

318. The Memoranda of Understanding each provide, among other things, that each party would retain rights to its own technology.

319. In violation of the Memoranda of Understanding, Motorola overreached and obtained intellectual property rights by claiming joint ownership of Memorylink's technology covered by the Known Patent.

320. In violation of the Memoranda of Understanding, Motorola obtained sole ownership of Memorylink's technology covered by the Secret Patent.

321. In violation of the Memoranda of Understanding, Motorola used Memorylink's proprietary technology in Motorola devices and applications, such as Motorola's "Other Eyes" miniature camera, without the permission of, knowledge of, or remuneration to Memorylink

322. Motorola thus breached the Memoranda of Understanding.

323. As a direct and proximate result of this breach, Memorylink has been damaged and will continue to be damaged.

## COUNT XXII
## PROMISSORY FRAUD

324. Memorylink realleges paragraphs 1 through 151 of its Complaint as and for this paragraph 324.

325. Defendant Motorola made false promises of future actions to Memorylink including, but not limited to, promises of entering into definitive agreements and each party retaining rights to its own concepts, technology and property, with the intent to deceive Memorylink into continuing to share information with Motorola and to allow Motorola to use the Invention for demonstrations with its potential customers and promises of letting Memorylink use its existing 5 GHz radio technology with its Invention if it discontinued its ASIC development of its own state-of-the-art 5 GHz radio.

326. Motorola made such false promises to induce Memorylink to lose rights to portions of the Invention, as described in the Secret Patent, to Motorola.

327. Motorola also made false promises with the intent to induce Memorylink to create technology that Motorola would subsequently steal and use in its existing and future product offerings.

328. Motorola further made false promises with the intent to induce Memorylink to abandon its state-of-the-art ASIC 5 GHz radio technology at a great cost to Memorylink and replace it with Motorola's existing and old radio technology.

329. Memorylink reasonably relied on Motorola's false promises and discontinued its own developed prototypes of the state-of-the-art ASIC 5 GHz radio technology including turning over its prototype ASIC 5 GHz radio chips to Motorola.

330. Memorylink has been and continues to be, damaged by its reliance on Motorola's false promises.

331. Motorola's promises of future conduct were part of an overall scheme to defraud Memorylink.

332. But for Motorola's false promises, Memorylink would not have provided information on the various uses and applications of its Invention as set forth in the Secret Patent, abandoned its ASIC radio development and shared other proprietary technology with Motorola.

## COUNT XXIII
## CONVERSION (In the Alternative)

333. Memorylink realleges Paragraphs 1 through 151 of its Complaint as and for this paragraph 333.

334. In the event that the Court finds Motorola's conduct before the USPTO with respect to the Secret Patent was inequitable, then, alternatively, Memorylink brings this claim for conversion of the intellectual property represented by the Secret Patent.

335. Memorylink had an exclusive right to the technology described in and the intellectual property represented by the Secret Patent.

336. Memorylink had the sole right to the technology described in and the intellectual property represented in the Secret Patent.

337. Motorola wrongfully gained rights to, and interfered with Memorylink's use and benefit of Memorylink's intellectual property in the Secret Patent.

338. If the Secret Patent is found unenforceable, such a finding is due solely to Motorola's actions.

339. If the Secret Patent is found unenforceable, Memorylink will have been damaged by Motorola's conversion of Memorylink's intellectual property in Memorylink being unable to license such technology in numerous applications in many industries.

## COUNT XXIV
## COMMON LAW FRAUD (In the alternative)

340. Memorylink realleges paragraphs 1 through 151 of its Complaint as and for this paragraph 340.

341. In the event that the Court finds Motorola's conduct before the USPTO with respect to the Secret Patent was inequitable, then, alternatively, Memorylink brings this claim for fraud.

342. Defendant Motorola made false statements and omissions of material fact to Memorylink with the intent to deceive Memorylink.

343. Motorola made such false statements and omissions to gain rights in the Secret Patent.

344. Motorola also made false statements and omissions with the intent to induce Memorylink to create technology that Motorola would subsequently steal.

345. Memorylink reasonably relied on Motorola's false statements and omissions to Memorylink's detriment.

346. But for Motorola's false statements and omissions of material fact described herein, including, but not limited to that each party would retain rights to its own technology, concepts and property, Memorylink would not have shared the technology described in the Secret Patent with Motorola.

347. If the Secret Patent is found unenforceable, such a finding is due solely to Motorola's improper actions.

348. If the Secret Patent is found unenforceable, Memorylink will have been damaged by Motorola's fraud in that Memorylink is unable to license such technology in numerous applications in many industries.

## COUNT XXV
## CONVERSION (In the Alternative)

349. Memorylink realleges Paragraphs 1 through 151 of its Complaint as and for this paragraph 349.

350. In the event that the Court finds that the Secret Patent is invalid for any reason, then, alternatively, Memorylink brings this claim for conversion the intellectual property represented by the Secret Patent.

351. Memorylink had an exclusive right to the technology described in and the intellectual property represented by the Secret Patent.

352. Memorylink had the sole right to technology described in and the intellectual property represented by the Secret Patent.

353. Motorola wrongfully gained rights to, and interfered with Memorylink's use and benefit of Memorylink's intellectual property, including the Secret Patent.

354. If the Secret Patent is found invalid, such a finding is due solely to Motorola's actions.

355. If the Secret Patent is found invalid, Memorylink will have been damaged by Motorola's conversion of Memorylink's intellectual property in Memorylink being unable to license such technology in numerous applications in many industries.

## COUNT XXVI
## COMMON LAW FRAUD (In the alternative)

356. Memorylink realleges paragraphs 1 through 151 of its Complaint as and for this paragraph 356.

357. In the event that the Court finds that the Secret Patent is invalid for any reason, then, alternatively, Memorylink brings this claim for fraud.

358. Defendant Motorola made false statements and omissions of material fact to Memorylink with the intent to deceive Memorylink by, among other things, falsely stating that

Memorylink and Motorola were going to jointly work together, assuring Memorylink that Memorylink would retain rights to its own technology, concepts and property, and by omitting to inform Memorylink of the filing of the Secret Patent.

359. Motorola made such false statements and omissions to induce Memorylink to share its technology so that Motorola could steal that technology and gain rights to it through the Secret Patent.

360. Motorola made the false statements and omissions to induce Memorylink to reveal the technology reflected in the Secret Patent to Motorola.

361. Motorola made false statements and omissions to gain rights in the Secret Patent by omitting to tell Memorylink that it was filing the Secret Patent on technology that belonged solely to Memorylink.

362. Motorola also made false statements and omissions with the intent to induce Memorylink to create technology that Motorola would subsequently steal by telling Memorylink that it would enter into definitive agreements outlined in four separate MOUs over a period of several years covering individual technology developments of Memorylink useful in its cellular phone business and Canopy product line and also leading Memorylink on that Motorola would partner with Memorylink on Homeland security applications, and other applications that it issued news releases stating that Memorylink's technology would be used in Motorola's Canopy product line as well as stating that Motorola would share its existing 5 GHz radio technology with Memorylink.

363. Memorylink reasonably relied on Motorola's false statements and omissions to Memorylink's detriment.

364. But for Motorola's false statements and omissions, Memorylink would not have shared any of its technology or concepts, including that described in the Secret Patent, with Motorola, nor would it have provided Motorola demonstration units that it showed to customers or used to create the Secret Patent, or shared it latest state-of-the-art ASIC radio technology with Motorola who was behind Memorylink with its discrete component technology for existing and commercial 5 GHz radio.

365. If the Secret Patent is found invalid, such a finding is due solely to Motorola's actions.

366. If the Secret Patent is found invalid, Memorylink will have been damaged by Motorola's fraud in Memorylink being unable to license such technology in numerous applications in many industries.

## PRAYER FOR RELIEF

WHEREFORE, Memorylink asks this Court to enter judgment in its favor against Motorola Inc., granting the following relief:

A. Enter judgment that the true and correct inventors of the '352 are Peter Strandwitz and Robert J. Kniskern;

B. Issue an Order directing the Commissioner of Patents to correct the inventorship under 35 U.S.C. §256 of the '352 Patent, the '906 Application, and the '687 Application that (i) Gary Schulz and Jan-Michael Wyckoff are not inventors of the '352 Patent, the '906 Application, and the '687 Application (ii) Peter Strandwitz and Robert J. Kniskern are the only inventors of the '352 Patent, the '906 Application, and the '687 Application and (iii) Gary Schulz and Jan-Michael Wyckoff were named as inventors without any deceptive intent on behalf of Peter Strandwitz and Robert J. Kniskern;

C. Issue an order rescinding the Assignment of rights, title, and interest in and to the '352 Patent;

D. Issue an Order directing the Commissioner of Patents to correct the inventorship under 35 U.S.C. §256 of the Secret '938 Patent that (i) Gary Schulz and Jan-Michael Wyckoff are not inventors of the '938 Patent, (ii) Peter Strandwitz and Robert J. Kniskern are the only inventors of the '938 Patent, and (iii) Gary Schulz and Jan-Michael Wyckoff were named as inventors without any deceptive intent on behalf of Peter Strandwitz and Robert J. Kniskern

E. Enter judgment that Motorola has directly and contributorily infringed the claims of the '352 Patent;

F. Preliminarily and permanently enjoin Motorola, Motorola's officers, directors, managers, employees, affiliates, agents, representatives, corporate parents and those in privity with Motorola from further infringement of the '352 Patent;

G. Order an accounting of Motorola's profits arising out of Motorola's infringing activities and award Memorylink those profits;

H. Award Memorylink all of its damages caused by Motorola's acts of infringement of the '352 Patent together with interest and costs as provided for under 35 U.S.C. §284;

I. Enter judgment that Motorola's infringement is willful and increase the damages to three times the amount found or accessed pursuant to 35 U.S.C. § 284;

J. Enter judgment that this case is exceptional and award Memorylink its' attorneys' fees in this action pursuant to 35 U.S.C. § 285;

K. Declare that the Assignment is void *ab initio* for lack of consideration;

L. Enter judgment that the Assignment is void for fraud;

M. Enter judgment that Motorola breached the various non-disclosure agreements

with Memorylink and award damages in an amount to be determined at trial;

N. Enter judgment that Motorola breached its fiduciary duties to Memorylink and that Memorylink has been damaged as a result of Motorola's acts and award damages in an amount to be determined at trial;

O. Enter judgment that Motorola committed common law fraud against Memorylink and that Memorylink has been damaged as a result of Motorola's fraudulent acts and award damages in an amount to be determined at trial;

P. Enter judgment that Motorola made negligent misrepresentations to Memorylink and award damages in an amount to be determined at trial;

Q. Enter judgment that Motorola converted Memorylink's intellectual property and award damages in an amount to be determined at trial;

R. Enter judgment that Motorola tortiously interfered with Memorylink's prospective economic advantage and award damages in an amount to be determined at trial;

S. Enter judgment that Motorola has been unjustly enriched as a result of Motorola's theft and fraudulent conversion of Memorylink's technology and award damages in an amount to be determined at trial;

T. Enter judgment that Motorola's in-house patent law department has committed acts that breached their duty through intentional acts or omissions to prosecuted the patent properly with respect to Memorylink and award damages in an amount to be determined at trial; and

U. Award Memorylink such other and further relief that this Court deems just and proper.

V. Award Memorylink all of its damages caused by Motorola's breach of the

Memoranda of Understanding; and

    W.    Award Memorylink such other and further relief as this Court deems just and proper.

## JURY DEMAND

Memorylink Corp. demands a trial by jury on all issues presented in this complaint.

Respectfully submitted,
MEMORYLINK CORP.

Dated: December 21, 2009

By: /s/Michael J. Femal
    One of Its Attorneys
Michael J. Femal (#0792012)
Richard Kessler (#6183140)
Peter Berk (#6242515)
McDonald Hopkins LLC
640 N. LaSalle Street
Suite 590
Chicago, IL 60610
312.280.0111 (phone)
312.280.8232 (Fax)
mfemal@mcdonaldhopkins.com
rkessler@mcdonaldhopkins.com
pberk@mcdonaldhopkins.com

## CERTIFICATE OF SERVICE

I, Michael J. Femal, an attorney, hereby certify that on December 21, 2009, I electronically filed **AMENDED COUNTS TO MEMORYLINK'S COMPLAINT FOR INVENTORSHIP CORRECTION AND FOR PATENT INFRINGEMENT**, with the clerk of the Court using the Electronic Case Filing system which will send notification of such filing to the interested parties listed below:

Anne M. Sidrys
Mark J. Nomellini
Nyika Onyesi Strickland
Kirkland & Ellis LLP (Chicago)
300 North LaSalle
Chicago , IL 60654
(312) 862-2000
Email: anne.sidrys@kirkland.com
mark.nomellini@kirkland.com
nyika.strickland@kirkland.com

/s/Michael J. Femal