**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MEMORYLINK CORP., ) | |
| ) | |
| Plaintiff, ) | Case No. 08-cv-3301 |
| ) | |
| v. ) | The Honorable William J. Hibbler |
| ) | United States District Judge |
| MOTOROLA, INC., ) | |
| ) | The Honorable Nan R. Nolan |
| Defendant. ) | United States Magistrate Judge |

| | |
|---|---|
| MEMORYLINK CORP., ) | |
| ) | |
| Plaintiff, ) | Case No. 09-cv-7401 |
| ) | |
| v. ) | The Honorable William J. Hibbler |
| ) | United States District Judge |
| MOTOROLA, INC., JONATHAN P. ) | |
| MEYER, HUGH C. DUNLOP, THOMAS ) | The Honorable Nan R. Nolan |
| G. BERRY, J. RAY WOOD, and TERRI ) | United States Magistrate Judge |
| S. HUGHES ) | |
| ) | |
| Defendants. ) | |

**MEMORYLINK'S RESPONSE TO
MOTOROLA'S MOTION TO AMEND PROTECTIVE ORDER**

In its Motion to Amend Protective Order ("Motion"), Motorola seeks to (a) reinsert provisions into the existing Protective Order that were rejected by Judge Hibbler in entering the existing Protective Order, and (b) unfairly limit Memorylink's counsel in the 09 C 7401 case from reviewing relevant documents. Motorola's motion should be denied in its entirety.

**FACTS**

On February 4, 2009, Memorylink and Motorola submitted a joint motion for the entry of a protective order. That motion detailed two areas of disagreement between the parties and set forth their respective arguments for and against such provisions. Based on the written

submissions and the oral argument, Judge Hibbler, on February 10, ruled on the parties' disagreement and on February 24, 2009 entered the conforming Protective Order that currently exists in these consolidated cases.

Motorola has now renewed its arguments seeking, over one year after the Protective Order was entered, to have this Court revise Judge Hibbler's reasoned ruling and modify the Protective Order.

## ARGUMENT

**A. Motorola's Request For Disclosure Of Experts Should Be Rejected.[1]**

Motorola's first request is that this Court revise the Protective Order entered by Judge Hibbler on February 10, 2009 (08 C 3301 Docket No.("3301 Docket No.") 61) by adding language requiring the parties to disclose any experts who will receive confidential or attorneys' eyes only information prior to such experts receiving that information. This includes not only testifying experts, but also consulting experts that are normally protected from disclosure. Motorola's proposal should be rejected.

**1. Motorola's Expert Disclosure Additions Should Be Rejected Because The Court Already Rejected Those Provisions.**

Motorola's precise request for disclosure of experts was previously considered and rejected by Judge Hibbler. In February 2009, the parties submitted a joint motion for entry of a protective order (3301 Docket No. 50). That motion identified two areas of disagreement between the parties, one of which concerned the exact same provisions Motorola seeks here requiring the disclosure of any and all experts prior to providing such experts reviewing confidential or attorneys' eyes only documents. (<u>Id.</u> at 2.) The joint motion also provided Motorola's and Memorylink's respective arguments for and against the inclusion of that

---

[1] This section of the consolidated brief is submitted by Memorylink's counsel in the Case No. 08 C 3301.

{2197732:}

provision. (Id. at 3-6.) On February 10, 2009, the parties appeared before Judge Hibbler and, based on the parties' written arguments, he ruled that the provisions related to the disclosure of experts (in sections 3.2(d) and 3.3(c)) that Motorola requested should not be included in the protective order:

> The Court finds that those inclusions are overbroad and not necessary. They are intrusions into Memorylink's attorney-client relationship. The proposal also presupposes a likelihood of violation of the protective order by covered individuals. And it is the Court's belief, hope and understanding that people take protective orders seriously. And, therefore, that particular section as included by Motorola is not necessary, and I would suggest a protective order without that language included.

(February 10, 2009 Tr. at 2.) Motorola requested and was granted an opportunity to further argue the issue. (Id. at 2-6.) Having heard oral argument, Judge Hibbler reaffirmed his previous ruling stating "The Court's order will stand. The provision will not be included." (Id. at 7.)

Motorola now simply seeks to reargue the exact same position that it previously argued and that was specifically rejected by Judge Hibbler, and hopes that this Court will change Judge Hibbler's ruling. Motorola's request should be rejected on this basis alone.

    **2.    The New Local Patent Rules Do Not Require Modification Of The Already Existing Protective Order.**

Motorola's only basis for its requested revision are the Northern District of Illinois' Local Patent Rules (Mot. at ¶9), which were adopted on September 28, 2009, well after Case No. 08 C 3301 was instituted and seven months after Judge Hibbler had already entered the relevant Protective Order, which expressly does not include Motorola's requested language. Motorola's reliance on the Local Patent Rules is misplaced.

First, the Local Patent Rules, by their express terms, only automatically apply to cases "filed in or transferred to [the Northern District of Illinois] after their effective date . . ." (LPR

{2197732:}

1.1.) The relevant patent case (08 C 3301) was filed on June 9, 2008.[2] Thus, by their express terms, the Local Patent Rules do not apply.

Motorola may argue that the Local Patent Rules provide the Court with authority to apply all or part of the Local Patent Rules to already pending cases. (LPR 1.1.) However, Case No. 08 C 3301 is not the usual patent case envisioned by the Local Patent Rules. The present patent case involves (a) a claim between the parties to a patent assignment agreement relating to the validity of that assignment, (b) a claim relating to whether the employees of one party are proper inventors of the patents-in-suit, and (c) a claim of infringement by one owner of a patent against another purported owner of the same patent, among other unique claims. (3301 Docket No. 1.) Given the unique nature of this case, in which issues of the propriety of the assignment and inventorship of the relevant patents overshadow the infringement issues, the Local Patent Rules should not apply.[3]

But even assuming the Local Patent Rules are applied to this case, the Local Patent Rules provide the Court with the authority to "modify the obligations . . . of the LPR based on the circumstances of any particular case." (LPR 1.1.) Here, given the unique nature of this case, the fact that the parties have a Protective Order that has been in place for over a year, and the fact that the language that Motorola requests be added from the Local Patent Rules "default" order was specifically rejected by Judge Hibbler, the Court should modify the "obligations" of the LPR with respect to the "default" protective order therein by not adopting Motorola's proposed addition.

---

[2] As the other case, 09 C 7401, is a malpractice case, the Local Patent Rules should not apply to that case.

[3] As requested by the Court, Memorylink has made a diligent search but has found no cases substantively discussing reasons for or against applying the Northern District of Illinois' Local Patent Rules to cases pending prior to their adoption.

Indeed, the protective order that is part of the Local Patent Rules is, by the terms of the LPR, a "default" protective order. (LPR, Preamble.) The Local Patent Rules are clear that the purpose of the "default" order is to prevent a situation where the lack of a protective order delays discovery and other disclosures required by the rules. (Id.) Here, the parties already have a Protective Order that was entered by the Court after rejecting the very language Motorola seeks to now add. The existence of this order prevents the harm the "default" order seeks to avoid. Thus, the entry of the "default" order is not necessary in this case.

To the extent the Court believes that the "default" order under the Local Patent Rules, which contains Motorola's proposed language, should apply, Memorylink submits that the "default" order should be modified for the reasons stated by Memorylink in the parties' previous joint motion for entry of protective order and the argument thereof, which Memorylink incorporates herein by reference. (3301 Docket No. 50 at 2-6; February 10, 2009 Tr. at 2-6.) Such reasons constitute good cause under LPR 1.4 for modification of the "default" protective order as the "default" order with Motorola's proposed language (a) unfairly impinges on Memorylink's attorney-client and work product privileges, including information protected by Fed. R. Civ. P. 26(b)(4)(B), (b) assumes that individuals that agree to be bound by the Protective Order will violate that order and behave unethically, and (c) creates an unfair burden as it would require the parties to make the disclosure not only to the other parties in the case, but also to any third-party that whose confidential or attorneys' eyes only information would be revealed to the expert giving such parties an opportunity to object to the expert, which could create delays in discovery after the discovery schedule has been set.

For each of the foregoing reasons, Motorola's request to amend sections 3.2(d) and 3.3(c) of the Protective Order should be denied.

   B.   **The Protective Order should not be Amended to Exclude "Infringement Evidence" from attorney Schaafsma[4]**

After arguing that "the two cases are wholly related and all conditions for reassignment are met" (3301 Docket No. 97, Motorola's Motion for Reassignment), Motorola's Motion further seeks to exclude a broad scope of evidence from Memorylink's counsel of record in the Malpractice case (09 C 7401). The Malpractice case alleges *inter alia* defendants committed legal malpractice in acting as legal counsel for Memorylink while effectuating a scheme to steal from Memorylink technology that allows wireless transmission of real-time video, including video transmission in Motorola's own cellular telephones. (Malpractice Compl. ¶ 1).[5]

   1.   **Judge Hibbler Has Already Ruled**

The simple response is that Judge Hibbler has already ruled on this, rejecting Motorola's attempt to impose a "patent prosecution bar". Indeed, after Judge Hibbler's rulings detailed above, attorney Schaafsma could act as a consulting expert in the original case and review the so-called "infringement evidence".

But even after Judge Hibbler had twice ruled as detailed above, Motorola tried again, this time specifically referencing Memorylink's future Malpractice counsel:

> "One of those -- the attorney that filed one of those applications, Mr. Schaaffma [SIC], one of Memorylink's patent counsel -- it's very possible, your Honor -- and this is one of the areas of Motorola's concern that Memorylink may attempt to use Mr. Schaaffma as a consulting expert in this case."

---

[4] This section of the consolidated brief is submitted by Memorylink's counsel in Case No. 09 C 7401.

[5] More detail on the Malpractice case describing how Motorola persuaded Memorylink to use Motorola attorneys; entered into an attorney-client relationship with Memorylink; and *inter alia* breached their duty to "explain a matter to the extent reasonably necessary to permit the client to make informed decisions" on inventorship to insert two of its employees as inventors and employed a hyper-technical, counterintuitive aspect of the patent laws in drafting and having executed a "naked assignment" in order to effectuate their scheme to steal the invention is detailed in Memorylink's Opposition to Defendant's Motion to Dismiss (09 C 7401 Docket No. ("7401 Docket No.") 40)

(Id. at 9). Again, Judge Hibbler rejected Motorola's argument, this time with specific respect to attorney Schaafsma:

> "I think the practice of law is one that many lawyers transverse both sides of an issue with various clients. I think that all lawyers are bound by ethical concerns. And the protective order I think is designed to set forth those areas where there may be some gray area or dispute as to whether or not you can or cannot do something. I believe that the defendant has sufficient -- will have sufficient information to raise the issue with the Court if any lawyer or any organization violates what we all know are the rules. Do I not feel that this provision is necessary. I think it also perhaps has a more than a chilling effect upon a lawyer's ability to practice his profession, when I don't think it's necessary in order to make lawyers act ethically because I think most lawyers do that anyway."

(Id. at 9, 11).

Judge Hibbler has already ruled on this; Motorola already had its three strikes.

**2.     That "Infringement Evidence" is "Relevant" is Beyond the Pale**

As the Court knows, in 1946 Federal Rule of Civil Procedure 26 was amended to "make clear the broad scope of examination and that it may cover not only evidence for use at the trial but also inquiry into matters in themselves inadmissible as evidence but which will lead to the discovery of such evidence." Fed. R. Civ. P. 26(b) Advisory Committee's Note to the 1946 Amendment. This change was made because the "purpose of discovery is to allow a broad search for facts" to aid parties in "preparation or presentation" of their case. *Id*. To argue that so-called "infringement evidence" is not "reasonably calculated to lead to the discovery of admissible evidence" in a legal malpractice case where defendants acted as patent counsel for Memorylink in securing the very patent to which the "infringement evidence" relates is beyond the pale.

Indeed, the so-called "infringement evidence" is not only "reasonably calculated to lead to the discovery of admissible evidence", it is also directly relevant to Memorylink's damages. The "infringement evidence" is directly relevant to Memorylink's damages because the damage

measure is the "but for" test. *Nettleton v. Stogsdill*, 387 Ill. App. 3d 743,749, 899 N.E.2d 1252, 1258 (2nd Dist 2008) ("A successful legal malpractice claim places the plaintiff in the same position that she would have occupied but for the attorney's negligence"). That is, "but for" Motorola's attorneys' malpractice in representing Memorylink, Memorylink would solely own the patent that Motorola infringes. Memorylink's damages for Motorola's attorneys' malpractice are the value of the patent, which include damages based on Motorola's infringement.[6]

### 3. Motorola's Motion Misstates the Law

Motorola's brief cites two cases in arguing for a "patent prosecution bar"; incredibly, Motorola's Federal Circuit case criticizes the district court case cited by Motorola! *In re Deutsche Bank Trust Co. Americas*, 2010 WL 2106957 at *8 (Fed. Cir. 2010) ("the magistrate judge properly refused to rely on the line of district court cases stemming from *Motorola, Inc. v. Interdigital Technology Corp.,* 1994 WL 16189689 (D. Del. Dec.19, 1994)).

In *In re Deutsche Bank Trust Co. Americas* (copy attached as Exhibit 1), the Federal Circuit noted that in seeking a prosecution bar, Motorola carries the burden of showing good cause. 2010 WL 2106957 at *3 ("A party seeking a protective order carries the burden of showing good cause for its issuance." *Citing, inter alia*, Fed. R. Civ. P. 26(c). "The same is true for a party seeking to include in a protective order a provision effecting a patent prosecution bar."). This counsel-by-counsel determination turns on the extent to which counsel is involved

---

[6] Even in the unlikely event that a trier of fact finds the assignment document is valid and/or even in the unlikely event that a trier of fact finds Motorola's so-called inventors were properly listed on the patent, Motorola would still be liable for malpractice for drafting and having executed a "naked assignment", for failing to advise of the legal significance of this naked assignment, and for representing Memorylink in a conflict of interest. Memorylink's damages would be the value of the exploitation by Motorola of Memorylink's contribution to the patent, both based on Motorola's infringement of that patent and the reciprocal access that Motorola gains to its competitor's patents by cross-licensing the patent under its "pick" agreements – again, "infringement damages".

{2197732:}

in "competitive decisionmaking" [sic] with its client. *Id.*, *citing U.S. Steel Corp. v. United States,* 730 F.2d 1465 (Fed. Cir. 1984). "Competitive decisionmaking" is:

> [S]horthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor.

2010 WL 2106957 at *4. "Even if a district court is satisfied that such a risk exists, the district court must balance this risk against the potential harm to the opposing party from restrictions imposed on that party's right to have the benefit of counsel of its choice." 2010 WL 2106957 at *6.

> In making this determination, the court should consider such things as the extent and duration of counsel's past history in representing the client before the PTO, the degree of the client's reliance and dependence on that past history, and the potential difficulty the client might face if forced to rely on other counsel for the pending litigation or engage other counsel to represent it before the PTO.

*Id.*

Here, Motorola has not even come close to carrying the burden of showing good cause. Motorola seeks to impose a patent prosecution bar not on in-house counsel, but rather on outside counsel. *See U.S. Steel Corp. v. United States,* 730 F.2d at 1467 (error to deny access solely because of in-house counsel's general position.) The patent application about which Motorola complains, U.S. Patent Application Serial No. 11/977,687 (the "`687 Application"), is based on an application originally filed nearly 12 years ago on June 22, 1998, as drafted by Motorola! The `687 Application is a continuation of U.S. Patent Application Serial No. 10/351,906 filed January 27, 2003 (the "`906 Application"),[7] which is in turn a divisional of U.S. Patent Application Serial No. 09/102,457 filed June 22, 1998, which issued as U.S. Patent No.

---

[7] A continuation application is a second patent application filed while the first patent application is still pending. The continuation application is for the same invention by the same inventor and contains the same description as the first patent application. 35 U.S.C §120.

6,522,352 (the Known Patent).[8] When the `906 Application was filed, Motorola *declined* to participate in the filing of the Application. (Infringement Complaint, ¶ 120). And importantly, Memorylink and Motorola are not even competitors in the cellular phone arena.

### 4. Motorola's Protective Order is Unworkable and Unfair

And as if these first two reasons weren't enough, Judge Hibbler identified yet another reason why Motorola's amendment would simply not be workable. As Judge Hibbler recognized at the June 3, 2010, Hearing on Motorola's Motion to Stay Infringement Discovery, "infringement evidence" is simply far too ambiguous of a term:

> "So I think maybe it's a language issues, but I am not comfortable with the terms that we are now using. * * *
> "But by the same token, you know, we are not dealing with clearly defined circumstances. There is going to be some overlap. * * *
> "But that does not mean if there can be any possibility that it's going to touch on infringement it's stayed. Just the opposite is true. If there is any possibility it touches on any issue other than infringement, it must go forward."

(June 3, 2010 Tr. at 11-12 (ruling discovery other than "infringement discovery" would be prioritized).)

Here this ambiguity has even more disquieting effect. To rule in Motorola's favor would give Motorola free license to withhold damaging evidence simply by convincing itself that it is "infringement evidence". More insidious, Memorylink's Malpractice counsel would have no way of challenging this self-serving classification in Court, as Memorylink's Malpractice counsel would have no way of knowing that Motorola had withheld material evidence!

---

[8] A divisional is a second application on a different invention which is disclosed and is thus carved out of a first pending application. A divisional discloses only the information contained in the first application. 35 U.S.C §121.

{2197732:}

## **CONCLUSION**

For all of the foregoing reasons Motorola's Motion should be denied and the proposed amendments to the existing Protective Order should be rejected.

Dated: June 24, 2010        MEMORYLINK CORPORATION

                            By:    /s/ Peter T. Berk
                                One of its Attorneys in the 08 C 3301 case

McDONALD HOPKINS LLC
Michael J. Femal
Richard N. Kessler
Peter T. Berk
300 N. LaSalle, Suite 2100
Chicago, IL 60654
(312) 280-0111

                            MEMORYLINK CORPORATION


                            By:    /s/ Paul E. Schaafsma
                                One of its Attorneys in the 09 C 7401 case

NOVUS IP, LLC
Paul E. Schaafsma
521 W. Superior, Suite 221
Chicago, Illinois 60654
(312) 664-0906 Office
(312) 664-09632 Fax

{2197732:}

## **CERTIFICATE OF SERVICE**

I, Peter T. Berk, an attorney, hereby certify that on June 24, 2010, I electronically filed **Memorylink's Response to Motorola's Motion to Amend Protective Order**, with the clerk of the Court using the Electronic Case Filing system which will send notification of such filing to the interested parties listed below:

    Anne M. Sidrys
    Mark J. Nomellini
    Nyika Onyesi Strickland
    Kirkland & Ellis LLP (Chicago)
    300 North LaSalle
    Chicago , IL 60654
    (312) 862-2000
    Email: anne.sidrys@kirkland.com
           mark.nomellini@kirkland.com
           nyika.strickland@kirkland.com

                                        /s/Peter T. Berk

{2197732:}