**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MEMORYLINK CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-cv-3301 |
| | ) | |
| v. | ) | The Honorable William J. Hibbler |
| | ) | United States District Judge |
| MOTOROLA, INC., | ) | |
| | ) | The Honorable Nan R. Nolan |
| Defendant. | ) | United States Magistrate Judge |

**MOTOROLA'S REPLY IN SUPPORT OF ITS
MOTION TO STRIKE MEMORYLINK'S NEW PROPOSED CLAIM
CONSTRUCTIONS AND THE DECLARATION OF ROBERT J. KNISKERN**

Memorylink's opposition to Motorola's motion to strike asks the Court to ignore the scheduling order in this case and the Local Patent Rules. But the deadlines within the Court's order and the LPRs cannot be ignored as exalting "form over substance." Motorola respectfully requests that this Court enforce its scheduling order relating to claim construction and grant Motorola's motion to strike.

## I. MEMORYLINK MISCHARACTERIZES THE BASIS OF MOTOROLA'S MOTION

Memorylink's argument that Motorola's motion goes to the weight of Memorylink's new constructions and Mr. Kniskern's Declaration entirely ignores the basis of Motorola's motion to strike. Motorola's 4-page motion is based on the simple, undisputable fact that Memorylink asserted ***entirely new*** constructions in its responsive claim construction brief. Memorylink's obvious attempt to take another crack at Motorola's proposed claim constructions in its 10-page response to Motorola's ***procedural*** motion shows that Memorylink's claim construction arguments are lacking on the merits.[1]

---

[1] Memorylink's procedurally improper attempt to limit Motorola's reply brief is unsupported and unwarranted.

There is nothing unique about the present motion. Courts in this District and others have routinely granted motions to strike where, as here, a party has gone outside the bounds of the court's orders to attempt to gain an advantage. *See, e.g., Hard Surface Solutions, Inc. v. Sherwin-Williams Co.*, 271 F.R.D. 612, 617 (N.D. Ill. 2010) (Mag. J. Cole) (granting defendant's motion to strike plaintiff's late expert disclosures for failure to comply with federal rules and the court's scheduling order); *Benitez v. Am. Standard Circuits, Inc.*, 678 F. Supp. 2d 745, 755 (N.D. Ill. 2010) (J. Coar) (striking reply brief contrary to court's rules and standing orders); *Blau v. Harrison*, No. 04-6592, 2006 WL 850959, at *1 (N.D. Ill. Mar. 24, 2006) (J. Hibbler) (striking plaintiff's expert report attached to response to motion to dismiss); *Allstate Ins. Co. v. Emp'rs Reinsurance Corp.*, 441 F. Supp. 2d 865, 870 n.2 (N.D. Ill. 2005) (J. Hibbler) (granting motion to strike portions of brief that improperly mentioned state court case); *see also Callpod, Inc. v. GN Netcom Inc.*, 703 F. Supp. 2d 815, 826 n.2 (N.D. Ill. 2010) (J. Kendall) ("Nonconformity with the Local Rules and the standing orders of the Court is not without consequence.").

Indeed, courts have granted similar motions when patent litigants have flaunted the procedure set by the court. *See, e.g., Nordic Naturals Inc. v. J.R. Carlson Labs. Inc.*, No. 07-2385, 2008 WL 2357312, at *11 (N.D. Cal. June 6, 2008) (striking declaration submitted with response claim construction brief as contrary to rules requiring disclosure before briefing); *Blackhawk Molding Co. v. Portola Packaging, Inc.*, 422 F. Supp. 2d 948, 952 (N.D. Ill. 2006) (granting motion to strike amended statement of facts served with reply); *Aircraft Technical Publishers v. Avantext, Inc.*, No. 07-4154, 2009 WL 3833573, at *1 (N.D. Cal. Nov. 16, 2009) (striking plaintiff's summary judgment motion that attempted to circumvent local rules).[2]

---

[2] Memorylink's citation to Judge Easterbrook's statement regarding motions to strike in **appellate practice** is inapposite. Memorylink's out-of-context citation ignores the preceding discussion from the case – that the Federal Rules of Appellate Procedure do not support striking sentences from appellate briefs. *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 726-727 (7th Cir. 2006).

Moreover, Memorylink's allegation that Motorola demands that the Court follow one of the parties' proposed constructions is simply false. Motorola has never disputed the well-understood principle that the Court can adopt a construction that differs from the parties' proposed constructions.[3] But that does not permit Memorylink to jettison its originally proposed ordinary meaning constructions – that the ordinary meaning of the disputed terms is the term itself – midway through the claim construction briefing under the guise that its new constructions were its original proposed constructions all along.

## II.    MEMORYLINK'S NEW CONSTRUCTIONS ARE PROCEDURALLY IMPROPER

### A.    Memorylink's Own Actions and Words Undermine Its Argument That It Need Not Provide Its Proposed Constructions Until Its Response Brief.

Memorylink's argument that it need not provide any proposed constructions until its responsive claim construction brief is wholly inconsistent with Memorylink's own actions and words. On December 15, 2010, the parties exchanged proposed constructions for the claim terms in dispute pursuant to the Court's scheduling order and LPR 4.1. Memorylink expressly provided its constructions "***Pursuant to Rule 4.1 of the Local Patent Rules and the scheduling order entered in this case***…." (Ex. A to Mot. to Strike, 12/15/2010 Memorylink's Proposed Claim Constructions) Memorylink's remarkable position that the Court's scheduling order and LPRs do not require it to provide any proposed constructions until its responsive claim construction brief is thus in direct contradiction to Memorylink's own actions and words.

### B.    The Court's Scheduling Order Contradicts Memorylink's Argument That It Need Not Provide Its Proposed Constructions Until Its Response Brief.

Memorylink's argument that it need not provide any proposed constructions until its responsive claim construction brief is also contradicted by the Court's scheduling order. The

---

[3] In fact, for the term "base station device," Motorola stated that it does not oppose the Court's adoption of its own construction based on the term's undisputed definition found in technical dictionaries from the time the '352 Patent was filed. (Mot. Open. Claim Construction Br. at 18)

scheduling order provided separate dates for the parties to exchange terms for construction and proposed constructions. (Dkt. Nos. 121, 124) In particular, the scheduling order required (a) "exchange of proposed terms for claim construction" on December 1, 2010; (b) "exchange of proposed constructions" on December 15, 2010; and the parties to (c) "meet and confer to narrow and reduce claim construction terms" by January 12, 2011. *Id.* By ordering two separate dates for the parties to "exchange" proposed terms and then constructions, as well as a meet and confer to "narrow and reduce" the constructions, the Court's scheduling order supports that *each* party must exchange proposed constructions. Otherwise, there would not be two separate exchange dates and the meet and confer to narrow disputes would be meaningless.

### C. The Local Patent Rules Undermine Memorylink's Argument That It Need Not Provide Its Proposed Constructions Until Its Response Brief.

Memorylink's argument that it need not provide any proposed constructions until its responsive claim construction brief is further contradicted by the Local Patent Rules. LPR 4.1 provides that a party must serve "the claim terms and phrases the party contends the Court should construe" and then "the party's proposed constructions." LPR 4.1(a). The Preamble to the LPRs makes clear that the parties must exchange proposed constructions "before presenting disputes to the Court." LPR, Preamble ("The Rules also provide a standardized structure for claim construction proceedings, requiring the parties to identify and exchange position statements regarding disputed claim language *before presenting disputes to the Court*."). The Court's scheduling order and Memorylink's own actions and words show the parties here have operated under the principle that they must exchange proposed constructions *before* the claim construction briefing. A result to the contrary would allow a plaintiff to withhold its proposed constructions and vitiate the purpose of the LPR's consecutive briefing schedule, which aims to progressively narrow the disputes. LPR 4.2.

Memorylink's argument that LPR 4.2 allows a party to propose entirely new constructions in the middle of the claim construction briefing has no support in the actual rule. Specifically, LPR 4.2(c)'s requirement for a party to identify its support in its brief, and LPR 4.2(f)'s requirement that the parties file a joint claim construction chart after the briefing, are standard procedural requirements that provide no support for a party proposing entirely new constructions in the middle of the claim construction briefing. Moreover, Memorylink's argument that it is permitted to constantly change its proposed constructions at its leisure because it "reserved the right" to do so is inapposite. Memorylink cannot "reserve the right" to do something that it had no right to do to begin with.

## III. MEMORYLINK'S ARGUMENT THAT ITS NEW CONSTRUCTIONS ARE NOT "NEW" IS UNDERMINED BY THE EVIDENCE

### A. Memorylink's New Constructions are Entirely Different From Its Timely Proposed Constructions.

Memorylink's argument that it has not changed constructions is easily refuted by the documents Memorylink served in this case. As this Court has already observed, the documents submitted by Memorylink establish that Memorylink's new constructions are different from its timely proposed constructions. (Ex. 1, March 24, 2011 Transcript at 7:20-23 ("I will tell you, based upon the Court's reading of the document, there does seem to be some change in the position of your client at this point in terms of saying the terms mean what they mean.")) In particular, Memorylink's December 15, 2010 disclosure of proposed constructions provides that each disputed term should be construed based on its ordinary meaning *to be itself* – *e.g.*, "The claim term 'video compression circuitry' should be given its ordinary meaning consistent with the claims, the specification and the prosecution history, which is 'video compression circuitry.'" (Ex. A to Mot. to Strike) Then in its responsive claim construction brief, Memorylink argues that the ordinary meaning of each disputed term is something altogether different and supports its

new proposed constructions with Mr. Kniskern's declaration.[4]  There is no legitimate reason for Memorylink to spring new proposed constructions in its response brief.

Memorylink's argument that its untimely new constructions are mere "alternative constructions" is likewise without merit.  Memorylink now states that its primary position all along is that the Court should not construe the disputed claim terms. In that case, Memorylink's "alternative constructions" were the ones presented in its December 15, 2010 disclosure − that the disputed terms should be construed under their ordinary meaning to be the terms themselves. *Id*.  Memorylink's proposed constructions in its response brief represent entirely new constructions that differ from Memorylink's December 15th constructions.  In fact, Memorylink does not mention any of its December 15th constructions in its response brief, which is a clear indication that its new constructions are an attempted "do-over" and ***not*** merely alternatives.[5] Memorylink's improper attempt to come up with brand new constructions after briefing has begun, under the guise of "alternative constructions," should be rejected.[6]

**B.     Mr. Berk Was Not Present For Most of the January 12, 2011 Meet and Confer Regarding the Parties' Proposed Constructions.**

The only alleged support that Memorylink offers to show that its new constructions were timely is a vague declaration by Mr. Berk alleging that Memorylink's new constructions were presented to Motorola during the parties' January 12, 2011 meet and confer.  Notably, Mr. Berk was ***not present*** for most of the meet and confer regarding the parties' proposed constructions.

---

[4]  *See* Ex. B to Mot. to Strike (comparing Memorylink's original constructions to Memorylink's new constructions).

[5]  Memorylink's argument that Mr. Kniskern's declaration rebuts Motorola's proposed constructions and supports Memorylink's December 15th constructions has no substance.  With the exception of the background sections (Kniskern Decl. ¶¶ 1-6, 16) and Mr. Kniskern's restatement of attorney argument from Memorylink's brief (Kniskern Decl. ¶ 8), all paragraphs in Mr. Kniskern's declaration relate to Memorylink's untimely constructions.

[6]  Memorylink's approach to claim construction would set dangerous precedent by allowing plaintiffs to put forth meaningless constructions in the pre-briefing exchange process and then spring new constructions in its response brief under the guise of alternative constructions.  This would violate the meaning and spirit of the LPRs.

On January 12, 2011, the parties met and conferred regarding two issues: (a) Mr. Dunlop's deposition in the UK; and (b) narrowing and reducing claim construction disputes, pursuant to the Court's scheduling order and LPR 4.1(b). (Ex. 2, April 7, 2011 Decl. of Nyika O. Strickland ("Strickland Decl.") ¶ 2) After the discussion regarding Mr. Dunlop's deposition, in which Mr. Berk participated, Mr. Berk announced that he was dropping off the phone conference to attend a court hearing. (Strickland Decl. ¶¶ 4-5) The parties then proceeded to discuss the disputed claim terms and their proposed claim constructions. (Strickland Decl. ¶ 6) These discussions took place with Memorylink's counsel Mr. Cupar (who has not filed an appearance in this case) and Mr. Femal (Strickland Decl. ¶ 6), neither of who filed a declaration in support of Memorylink's opposition.

While the parties agreed to the constructions of certain terms (that were subsequently not presented to the Court for construction)[7] at no point did counsel for Memorylink propose alternative constructions to its December 15th proposed constructions. (Strickland Decl. ¶¶ 7-9) Counsel for Motorola specifically asked counsel for Memorylink if there were portions of Motorola's proposed constructions that Memorylink would agree to, in order to narrow the disputes. (Strickland Decl. ¶ 10) In response, counsel for Memorylink declined to provide any alternative constructions, modifications, or partial agreements, and stated that it was sticking with its December 15th proposed constructions. (Strickland Decl. ¶ 11) Before the phone conference ended, but certainly after the bulk of the discussions regarding the parties' proposed claim constructions, Mr. Berk announced his return. (Strickland Decl. ¶ 12) In contrast to Mr. Berk's second-hand declaration, at no point did Mr. Cupar or Mr. Femal propose alternatives to

---

[7] Memorylink incorrectly states that Motorola simply withdrew many of its proposed terms for construction. In contrast, the parties agreed to the construction of those terms. *See* Ex. 6 ('352 Patent agreed constructions) and Ex. 12 ('938 Patent agreed constructions) to Motorola's Opening Claim Construction Brief.

the December 15th proposed constructions, let alone the new constructions that Memorylink proposed for the first time in its responsive claim construction brief.[8] (Strickland Decl. ¶ 13)

### C. Memorylink's Correspondence Following the Meet and Confer Confirms That Memorylink Did Not Previously Propose Its New Constructions.

Memorylink's own correspondence following the meet and confer confirms that Memorylink did not propose its new constructions during the meet and confer. Memorylink sent a letter to Motorola that stated it was summarizing the January 12th discussion. (Ex. 3, 1/14/2011 Ltr. from M. Femal to N. Strickland ("I am writing to summarize and confirm the understandings from our meet and confer session held on Wednesday, January 12, 2011, pursuant to LPR 4.1(b).")) Memorylink confirmed that the parties agreed that eight previously disputed phrases could be construed as having plain and ordinary meaning. *Id*. With respect to the remaining terms of the '352 Patent, Memorylink wrote that the parties disagreed with each others' proposed constructions. *Id.* ("Finally, the parties disagree with each others proposed constructions of the claim terms 1-12.") Likewise, with respect to the remaining terms of the '938 Patent, Memorylink wrote that the parties disagreed with each others' proposed constructions.[9] *Id.* ("The parties disagree with each others proposed construction of the claim terms 1, 3, and 5.")

Thus, in its summary of the meet and confer, not once did Memorylink mention or even suggest that Memorylink proposed alternative constructions or variations of Motorola's proposed constructions. Indeed, Memorylink did not state that it intended to supplement its December 15th disclosure of proposed constructions, nor did it actually supplement its December 15th disclosure.

---

[8] If Memorylink had in fact discussed any modifications to Motorola's proposed constructions during the meet and confer, Motorola would have referenced those in its opening brief. Indeed, it would have been to Motorola's advantage to include any areas of partial agreement between the parties for disputed terms. The fact that there are no such partial agreements in Motorola's opening brief is further evidence that Memorylink did not provide or discuss any modifications to Motorola's proposed constructions during the January 12, 2011 meet and confer.

[9] Terms 1-12 of the '352 Patent and terms 1, 3, 5 of the '938 Patent, as referenced in Memorylink's letter, include the disputed terms addressed in the parties' claim construction briefs.

**D.** **Memorylink's Acquiescence After Motorola's Opening Claim Construction Brief Shows That Memorylink's Proposed Constructions Are Entirely New.**

Motorola's opening claim construction brief listed the parties' proposed constructions side-by-side for each term. In the *month* between Motorola's opening brief and Memorylink's responsive brief, *not once* did Memorylink inform Motorola or the Court that Motorola's opening claim construction brief included allegedly outdated proposed constructions from Memorylink. In that month, Motorola and Memorylink exchanged numerous letters and engaged in numerous meet-and-confers regarding Memorylink's deficient document production, among other discovery issues. The parties even appeared before the Court on March 15, 2011 to argue Memorylink's motion for an indefinite extension of time to file its responsive claim construction brief. Memorylink's acquiescence supports that Motorola's understanding of Memorylink's proposed claim construction was accurate.

## IV.  MEMORYLINK MISCHARACTERIZES THE PREJUDICE TO MOTOROLA

Memorylink mischaracterizes the prejudice to Motorola as nonexistent based on Motorola having a reply brief. The purpose of Motorola's reply brief is to allow Motorola to reply to Memorylink's arguments responding to Motorola's opening brief – not provide Motorola with an initial response to entirely new constructions. The LPRs explain that the District chose to start and end the claim construction briefing with the defendant's brief to allow the issues to be narrowed through the claim construction briefing. LPR 4.2, Comment. Memorylink's attempt to throw a monkey wrench into this prescribed process by proposing new constructions in its responsive brief, which raises entirely new issues for the first time, puts the

parties back at square one. Indeed, Motorola would be forced to reply to both Memorylink's timely arguments, as well as provide a response to Memorylink's new arguments.[10]

## V.     MEMORYLINK'S ATTEMPT TO CIRCUMVENT THIS COURT'S PROCEDURES IS NOT NEW

This is not the first time that Memorylink has attempted to circumvent this Court's orders and rules to keep its case afloat. As the Court will recall, after the Court ruled on various issues and dismissed several counts from Memorylink's Complaint, Memorylink filed a new Complaint against Motorola in this District, but before a different Judge, based on the same facts and occurrences. Over Memorylink's opposition, this Court reassigned Memorylink's new Complaint to this Court and subsequently dismissed that new Complaint in its entirety.

Time and time again, Memorylink has forced Motorola to move this Court and Magistrate Judge Nolan to have Memorylink abide by this Court's orders and rules. Memorylink's latest attempt to flaunt the Court's orders and LPRs should be rejected. This Court set clear deadlines regarding the claim construction process, and Memorylink should not be allowed to disrupt the process by abandoning its proposed constructions mid-briefing in favor of new constructions.

## CONCLUSION

For the foregoing reasons, and those set forth in Motorola's motion to strike, this Court should grant Motorola's Motion to Strike Memorylink's New Proposed Claim Constructions and the Declaration of Robert J. Kniskern.

---

[10] The delay in the proceedings of which Memorylink complains is no one's fault other than Memorylink's. Memorylink was not prepared to argue the present motion before the Court. Instead, Memorylink asked for 7 additional days to respond to Motorola's 4-page motion, thus delaying the schedule. Memorylink's accusation of delay is also ironic given Memorylink's recent motion for an indefinite extension of time to file its response brief.

Dated: April 7, 2011

Respectfully submitted,

/s/ Anne M. Sidrys
Anne M. Sidrys (6209457)
Nyika O. Strickland (6275717)
Joel R. Merkin (6290212)
KIRKLAND & ELLIS LLP (Firm No. 90443)
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*Attorneys for Defendant Motorola, Inc.*

## CERTIFICATE OF SERVICE

I, Anne M. Sidrys, hereby certify that on April 7, 2011, I caused a copy of the foregoing,

MOTOROLA'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE MEMORYLINK'S

NEW PROPOSED CLAIM CONSTRUCTIONS AND THE DECLARATION OF ROBERT J.

KNISKERN, to be served on all counsel of record via the court's CM/ECF System:


/s/ Anne M. Sidrys
Anne M. Sidrys (6209457)
KIRKLAND & ELLIS LLP (Firm No. 90443)
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*Attorney for Defendant Motorola, Inc.*