# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3301 | **DATE** | 7/18/2011 |
| **CASE TITLE** | MEMORYLINK CORP. v. MOTOROLA, INC. | | |

**DOCKET ENTRY TEXT:**

The Court DENIES Defendant's motion to strike [190]. Defendant's claim construction reply brief is now due August 1, 2011. The Joint Claim Construction Chart is due August 8, 2011. The claim construction hearing is set for October 12, 2011 at 11:00 a.m.

■[For further details see text below.]                                                                 Docketing to mail notice.

## STATEMENT

Plaintiff Memorylink filed this suit against Defendant Motorola, alleging, among other things, patent infringement. Local Patent Rule 4.1(a) requires each party to a patent infringement suit to serve upon the other party or parties "a list of...the claim terms and phrases the party contends the Court should construe" and "the party's proposed constructions," among other things, prior to claim construction briefing. Within seven days of serving those lists and constructions, the parties are to then meet and confer and agree upon no more than ten terms or phrases to submit for construction by the court. LPR 4.1(b). Here, the parties apparently did just that. However, only Defendant Motorola proposed constructions of terms during that process. Memorylink contended that no constructions were necessary and that the terms should simply be given their plain and ordinary meaning. Memorylink reiterated this position during the meeting between the parties contemplated by LPR 4.1(b). Motorola then submitted its opening claim construction brief, proposing constructions for 8 terms related to the '352 patent and 2 terms related to the '938 patent. In its response brief, Memorylink maintains its position that the Court should not construe any terms. However, in its arguments against Motorola's proposed constructions, Memorylink also set forward proposed alternatives to Motorola's constructions. Motorola now moves to strike those alternative proposals as well as the declaration Memorylink attached to its brief.

Motorola argues that Memorylink should be barred from setting forth any proposed constructions at this point in the proceedings because it expressly declined to do so during the parties' LPR 4.1 exchange and meeting. This argument makes sense because the Local Patent Rules do indeed contemplate disclosure of proposed constructions by the parties prior to claim construction briefing. However, given that Memorylink maintains its contention that the Court should not construe any terms in this case, the Court feels that the alternatives set forth by Memorylink in its response brief are more properly characterized as part of its

argument against Motorola's constructions, rather than as newly proposed constructions. Generally speaking, Memorylink argues that Motorola's constructions are overly complicated and verbose and that Motorola is attempting to improperly limit the meaning of terms by including superfluous language in its constructions. Memorylink suggests that the Court may simply give the terms their plain and ordinary meaning, but that if the Court is going to construe the terms, it should cut this superfluous language out of Motorola's constructions. In fact, many of Memorylink's proposed alternatives simplify Motorola's language so much that it seems clear that Memorylink's aim in submitting them was actually to bolster its argument that constructions are not necessary in this case.

The Court is concerned that perhaps Memorylink could have made more of an effort during their conference with Motorola to come to some agreement regarding language that Motorola could cut from their proposed constructions. Nonetheless, the Court will not strike Memorylink's arguments simply because they propose some middle ground between the constructions proposed by Motorola and Memorylink's desire to go without constructions. LPR 4.1 mandates that Memorylink set forth its proposal, which it did, not that it explicitly set forth all edits of Motorola's constructions that it would find more agreeable. While the Court sympathizes with Motorola's position that it is somewhat surprised by Memorylink's proposals, the company's concern about prejudice is tempered by the fact that it may respond to Memorylink's arguments in its reply brief.

In support of its motion to strike the declaration of Robert Kniskern, one of the '352 patent's inventors, offered by Memorylink in support of its response brief, Motorola cites Federal Circuit case law for the proposition that "[t]he testimony of an inventor and his attorney concerning claim construction is...entitled to little or no consideration. The testimony of an inventor often is a self-serving, after-the-fact attempt to state what should have been part of his or her patent application." *Bell & Howell Document Mgmt. Prods. Co. v. Altek Sys.*, 132 F.3d 701, 706 (Fed Cir. 1997) (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 983 (Fed. Cir. 1985)). However, the Federal Circuit offered this wisdom in the context of its explanation for why extrinsic evidence, such as inventor testimony, should not be used for claim construction when the intrinsic evidence provides unambiguous guidance. *Id.* Thus, while it is true that such evidence is generally less useful and less reliable than intrinsic evidence, the Federal Circuit has made quite clear that inventor testimony is one type of extrinsic evidence that the Court can rely upon in cases of ambiguity. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) (quoting *Markman*, 52 F.3d at 980). Motorola seems to concede that this is the case since it relied on Kniskern's deposition testimony in its opening claim construction brief. Furthermore, while Memorylink argues that resort to extrinsic evidence is unnecessary because the claim terms are unambiguous, the company is entitled to make arguments in the alternative. Here, the company provides the Court with extrinsic evidence in the event the Court should find that resort to such evidence is necessary.

Nor will the Court strike Kniskern's declaration because it is offered solely in support of Memorylink's alternative proposals for construction, rather than to directly counter Motorola's constructions or to support Memorylink's proposal that no construction is necessary. As noted above, the Court does not find fault in Memorylink's use of alternatives in arguing against Motorola's constructions.