**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MEMORYLINK CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-cv-3301 |
| | ) | |
| v. | ) | The Honorable William J. Hibbler |
| | ) | United States District Judge |
| MOTOROLA, INC., | ) | |
| | ) | The Honorable Nan R. Nolan |
| Defendant. | ) | United States Magistrate Judge |

**MOTOROLA'S RESPONSE TO MEMORYLINK'S AND NON-PARTY
ROBERT KNISKERN'S MOTION FOR PROTECTIVE ORDER
REGARDING SECOND DEPOSITION OF MR. KNISKERN**

Memorylink's attempt to restrict Motorola from fairly questioning Mr. Kniskern must be rejected. Mr. Kniskern is a Memorylink Board Member at the center of the dispute. As this Court is aware, Memorylink's document production deficiencies and decision to inject Mr. Kniskern into the claim construction disputes have precluded Motorola from fully examining the witness to date. Memorylink's unwarranted motion must fail for several reasons:

1. This Court has already heard and rejected Memorylink's exact arguments, ruling that Motorola is entitled to a second deposition to fairly examine Mr. Kniskern.

2. Memorylink's proposed restrictions are unworkable because topics that Memorylink agrees Motorola can question Mr. Kniskern about overlap with documents that Memorylink seeks to shield from the witness.

3. Motorola is already restricted by reaching agreement with Memorylink to limit its examination of Mr. Kniskern to at most five hours.

4. Mr. Kniskern's deposition was set to proceed on September 22, 2011 without the improper restrictions that Memorylink now seeks.

Accordingly, Motorola respectfully requests that the Court deny Memorylink's motion and allow Motorola to fairly examine Mr. Kniskern for the agreed limited duration.

I.  **THIS COURT HAS ALREADY CONSIDERED AND REJECTED THE ARGUMENTS MEMORYLINK PRESENTS IN ITS MOTION**

Memorylink has the burden of showing good cause that this protective order restricting Motorola's ability to fairly examine Mr. Kniskern is warranted. Fed. R. Civ. P. 26(c). This Court has already considered and rejected the exact arguments Memorylink repeats in its motion.

On June 6, 2011, the parties appeared before this Court to discuss this dispute. (Ex. 1, June 6, 2011 Hearing Transcript, at 14-19, 51-53) In particular, Motorola presented the various Memorylink discovery deficiencies that prompted Motorola to need a second deposition of Mr. Kniskern, including (a) Memorylink's failure to meet the Court's discovery order in the days before Mr. Kniskern's August 2010 deposition and (b) Memorylink's acknowledgment in February 2011 that it had withheld the bulk of Memorylink's electronic production. (*Id.* at 14-15) Memorylink objected to Motorola's request for a second deposition, arguing that Motorola took Mr. Kniskern's August 2010 deposition at its own peril and did not reserve time to further examine Mr. Kniskern. (*Id.* at 15-17) Motorola responded that it had no way of knowing the full scope of Memorylink's discovery deficiencies at the time of Mr. Kniskern's August 2010 deposition, which had come to light months afterwards. (*Id.* at 17-18)

The Court considered the parties' arguments and agreed with Motorola. (*Id.* at 18-19) Specifically, the Court ruled that Motorola could depose Mr. Kniskern and that the parties should discuss the appropriate duration for the deposition. (*Id.* at 51-52) Despite Memorylink's attempt at the June 6, 2011 hearing to limit Mr. Kniskern's deposition to documents produced after his August 2010 deposition (*Id.* at 51-52), the Court issued an order stating:

> For the reasons stated in open court, the Court finds that Defendant has shown good cause to justify extending the deposition of Mr. Kniskern. Defendant's request for additional time to "fairly examine" Mr. Kniskern is granted. Fed. R. Civ. P. 30(d)(1). The Court reserves ruling on the duration of Mr. Kniskern's additional deposition. (Dkt. No. 217)

Notably, the Court granted Motorola's request that Motorola was entitled to "fairly examine" Mr. Kniskern, and did not restrict the scope of Mr. Kniskern's deposition as Memorylink had requested. *Id.* The ***only*** issue that this Court reserved ruling on was the duration of Mr. Kniskern's deposition, which has since been agreed to. Memorylink's motion for a protective order thus repeats the exact arguments already considered and rejected by this Court. As Motorola previously explained, it has no interest in going over the same documents that it has already questioned Mr. Kniskern about. (Ex. 1 at 52-53) But it would be wholly unfair for Memorylink's own document production deficiencies to prohibit Motorola from fully questioning Mr. Kniskern. Memorylink's attempt to use its late production as a way to shield a Memorylink Board Member should be rejected.

## II. MEMORYLINK'S PROPOSED RESTRICTIONS ARE ILLOGICAL AND UNWORKABLE BECAUSE OF THE OVERLAP IN TOPICS

There is no dispute that Motorola is entitled to question Mr. Kniskern about issues in documents that Memorylink withheld from Motorola until after Mr. Kniskern's August 11, 2010 deposition. As the Court previously explained, the Court and Motorola were not aware of Memorylink's lack of electronic production in August 2010. (Ex. 1 at 18-19, 51-52)

There is also no dispute that Motorola is entitled to question Mr. Kniskern about issues relating to Mr. Kniskern's claim construction declaration that Memorylink filed in March 2011. Under the Local Patent Rules, Memorylink is required to promptly make Mr. Kniskern available for deposition concerning the proposed testimony. Local Patent Rule 4.2(a). Motorola has been seeking Mr. Kniskern's deposition for many months now.

Memorylink's attempt to restrict Motorola's questioning to documents Memorylink produced after August 11, 2010 and Mr. Kniskern's claim construction declaration is illogical and unworkable. The thousands of documents that Memorylink withheld until after August 2010

include issues that overlap with Memorylink's prior production. Memorylink's post-August 2010 production in many cases informs Motorola's understanding of, and raises questions about, documents produced before that point, including the documents produced just days before Mr. Kniskern's deposition. Logically, to fairly examine Mr. Kniskern, Motorola must be able to question the witness about documents present in Memorylink's pre- and post-August 11, 2010 production. Memorylink's motion improperly attempts to draw a bright line distinction where none can reasonably be made.

Similarly, Mr. Kniskern's claim construction declaration presents a host of claim construction issues that are not limited to the four corners of his declaration. Indeed, documents produced by Memorylink prior to Mr. Kniskern's first deposition are vital to Motorola's ability to fairly question Mr. Kniskern regarding his claim construction positions. The protective order Memorylink seeks would preclude Motorola from questioning Mr. Kniskern about such documents.

### III. MOTOROLA IS ALREADY RESTRICTED BY REACHING AGREEMENT WITH MEMORYLINK TO LIMIT THE DURATION OF THE EXAMINATION

As acknowledged in Memorylink's motion, the parties met and conferred and reached agreement that it would be fair for Motorola to examine Mr. Kniskern for up to 5 hours. This restriction already guards against the myriad of speculative scenarios that form the basis of Memorylink's motion. The notion that Motorola seeks to waste the parties' time, drive up costs, or harass the witness is completely unfounded. Indeed, Memorylink's letters threatening to seek a protective order, the parties' discussions, and Memorylink's current motion have already incurred the parties far more time and expense than Memorylink seeks to save. And Motorola has been more than accommodating with Memorylink's and Mr. Kniskern's numerous scheduling issues.

## IV. MR. KNISKERN'S DEPOSITION WAS SET TO PROCEED LAST MONTH WITHOUT THE IMPROPER RESTRICTIONS MEMORYLINK NOW SEEKS

Memorylink makes no mention that Mr. Kniskern's deposition was set to proceed in September 2011 without the improper restrictions that Memorylink now seeks. Just days before that deposition, Memorylink informed Motorola that Mr. Kniskern was no longer available. (Ex. 2, 9/16/11 Email from P. Berk) Memorylink's willingness to proceed with Mr. Kniskern's deposition last month without raising these scope issues undermines its newfound decision to seek a protective order just days before Mr. Kniskern's rescheduled October 26, 2011 deposition. Furthermore, the parties have been before this Court for discovery status hearings on five occasions since the Court granted Mr. Kniskern's second deposition. Memorylink never once sought to raise the issues presented in this motion during any of those hearings.

## V. CONCLUSION

For the foregoing reasons, Motorola respectfully requests the Court deny Memorylink's motion and allow Motorola to fairly examine Mr. Kniskern for the agreed limited duration.

Dated: October 21, 2011

Respectfully submitted,

/s/ Anne M. Sidrys
Anne M. Sidrys, P.C. (#6209457)
Nyika O. Strickland (#6275717)
Jess M. Krannich (#6286635)
Joel R. Merkin (#6290212)
KIRKLAND & ELLIS LLP (Firm No. 90443)
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*Attorneys for Defendant Motorola, Inc.*

**CERTIFICATE OF SERVICE**

  I, Anne McClain Sidrys, hereby certify that on October 21, 2011, I caused a copy of the foregoing, MOTOROLA'S RESPONSE TO MEMORYLINK'S AND NON-PARTY ROBERT KNISKERN'S MOTION FOR PROTECTIVE ORDER REGARDING SECOND DEPOSITION OF MR. KNISKERN, to be served on all counsel of record via the court's CM/ECF System:

/s/ Anne M. Sidrys
Anne M. Sidrys, P.C. (#6209457)
KIRKLAND & ELLIS LLP (Firm No. 90443)
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*Attorney for Defendant Motorola, Inc.*