Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3301 | **DATE** | 5/8/2012 |
| **CASE TITLE** | Memorylink Corp. vs. Motorola, Inc. | | |

**DOCKET ENTRY TEXT**

Motorola's Objection to Memorylink's Production Pursuant to the Court's March 30, 2012 Order is overruled. All matters relating to the referral of this action having been concluded, the referral is closed and the case is returned to the assigned district judge. Honorable Nan R. Nolan no longer referred to the case.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

This matter is before the Court on the parties' Joint Submission Regarding Motorola's Objection to Memorylink's Production Pursuant to the Court's March 30, 2012 Order [308]. The Court issues this order to clarify any doubts the parties may have about the scope and intent of the Court's March 30 Order ("Order"). For the following reasons, the Court overrules Motorola's Objection.

On March 30, 2012, this Court found that Memorylink's production of its pre-November 30, 2007 communications with Attorney Schaafsma constituted a subject matter waiver of its attorney-client protection for information related to the same subject matter under Federal Rule of Evidence 502. The subject matter of Schaafsma's disclosed pre-November 30, 2007 communications concerned his investigation of what each named inventor contributed to the invention claimed by the '352 Patent, the existence of the '938 Patent, and the validity of the assignment of the '352 Patent. Memorylink's challenge to the validity of the assignment is based on Memorylink's contention that Motorola's employees made no inventive contribution to the invention in the '352 Patent. After this Court's ruling, Memorylink reviewed its withheld documents and found one document concerning inventorship responsive to the Order which it has produced to Motorola.

Motorola now contends that Memorylink adopted an improperly narrow reading of the language in the Order, and therefore, has not complied with the Order. Motorola identified 43 documents which were potentially "at issue" based on Memorylink's privilege log descriptions. Motorola argues that documents on the privilege logs that "relate to inventorship, assignment, or ownership of the '352 Patent generally (and not just those having an express discussion of the *validity* of the assignment *per se*) should be in the scope of the Court's order." (Doc. 308 at 2). For example, Motorola asserts, the fact that Memorylink's attorneys at Banner were discussing the '325 assignment/ownership (and potential renegotiations thereof) and not questioning validity tends to go to the issue that they did not see a problem with the validity of the assignment. As to the scope of the March 30 Order, Memorylink interprets the Order to require Memorylink to disclose privileged communications with Banner that tend to show that Memorylink or its attorneys knew or should have known about the

## STATEMENT

inventorship issues prior to Schaafsma's discovery in November 2007 or that the '352 patent assignment was invalid prior to Schaafsma's investigation.

Motorola's contention that all documents on the privilege logs that relate in any way to the inventorship, assignment, or ownership of the '352 Patent fall within the scope of the Order misapprehends the intent of the Order. The intent of the Order was to limit the scope of the subject matter waiver to communications with Banner related to the disclosed subject matter, *i.e.*, the specific inventorship, assignment or ownership of the '352 Patent topics at issue in this litigation. The Court is satisfied that Memorylink complied with intent of the Court's Order. As to inventorship, Memorylink understands that the following categories of documents are within the scope of the Order: (i) documents concerning the proper inventors of the '352 Patent; (ii) documents addressing who the inventors of the '352 Patent are or should be; and (iii) documents tending to show what specific individuals did or did not assist in the conception of the invention recited in the claims of the '352 Patent. (Doc. 308 at 4). Regarding validity of the '325 Patent assignment, Memorylink knows that any documents that: (i) concern the validity of the assignment of the '352 Patent; (ii) address the present or absence of consideration for the '352 Patent; (iii) describe any of the actual or purported consideration for the '352 Patent; or (iv) show that Memorylink or its attorneys knew or should have known that there was insufficient consideration to support the assignment or that the assignment was invalid should be produced under the Court's Order. (Doc. 308 at 5). Motorola's suggestion that Memorylink should be required to produce documents in which the '352 assignment/ownership was generally discussed but the validity was not questioned because "***not*** questioning the validity tends to go to the issue that they did not see a problem with the validity of the assignment" goes too far. (Doc. 308 at 1). Under Motorola's argument, every Memorylink communication with Banner in which validity of the assignment was not discussed would have to be produced. Motorola does not need all Banner communications in which the assignment or ownership of the '352 Patent was generally discussed but validity was not questioned to show that Memorylink was not questioning the validity of the assignment. Memorylink is required to produce any documents concerning the validity of the assignment of the '352 Patent. By not producing any documents concerning the validity of the assignment of the '352 Patent, it can be inferred that Banner was not discussing the issue.

One final matter merits clarification. As to the validity of the assignment, Memorylink contends that the assignment lacked consideration at the time it was signed because Motorola employees made no inventive contribution to the invention in the '352 Patent and no other consideration was provided. Memorylink then says that a "subsequent discussion about who owns the patent or about the assignment itself does not change that fact or alert Memorylink or its attorneys that there was no consideration." (Doc. 308 at 6). It is true that a subsequent discussion does not change the alleged lack of consideration at the time the assignment was signed, but it can be argued that a subsequent discussion about who owns the patent or about the assignment in the context of a discussion of the alleged lack of inventive contribution by Motorola employee's should have altered Memorylink or its attorneys that there was no consideration. Therefore, with the understanding that Memorylink is required produce all documents concerning the proper inventors of the '352 Patent, all documents addressing who the inventors of the '352 Patent are or should be, and all documents tending to show what specific individuals did or did not assist in the conception of the invention recited in the claims of the '352 Patent, Motorola's objection to Memorylink's production is overruled.

Finally, because the current record gives the Court no good reason to question the adequacy of Memorylink's production pursuant to the March 30 Order, the Court denies Motorola's request for an in camera review of the withheld documents.