IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEMORYLINK CORPORATION, a Wisconsin Corporation,<br><br>         Plaintiff,<br>  v.<br><br>MOTOROLA MOBILITY, INC., and MOTOROLA SOLUTIONS, INC.<br><br>         Defendants. | Case No. 08 CV 3301<br>Judge John J. Tharp, Jr. |

**MEMORYLINK'S RESPONSE TO MOTOROLA'S**
**MOTION TO NOTIFY THE COURT OF RECENT OPINION**

On November 14, 2012, the Federal Circuit issued its precedential opinion in *Hor v. Chu*, Appeal No. 2011-1540 (Fed. Cir. Nov. 14, 2012), which substantially damages the laches arguments that Motorola presented in its summary judgment motion and supporting papers. Earlier today, Motorola filed a motion notifying the Court about that opinion. Although the Court granted Motorola's motion, Memorylink feels compelled to respond to correct Motorola's misinterpretation of the case's holding and its significance.

First, Motorola incorrectly downplayed the impact of that decision by stating it merely "overruled the authority relied on by Motorola to support a presumption of laches prior to patent issuance." (Moto. Mot. ¶ 2.) *Hor* did much more than that. It expressly resolved the parties' dispute over the availability of a laches presumption, and it did so dispositively in Memorylink's favor. Laches is presumed if a plaintiff waits to sue for more than six years after it knew or should have known of its inventorship claim under 35 U.S.C. § 256. *Advanced Cardiovascular Sys. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1161, 1163 (Fed. Cir. 1993). *Hor* has vindicated

Memorylink's summary judgment position by holding that the laches period on an inventorship claim can never begin before the USPTO issues the challenged patent. Thus there can be no presumption of laches where – as here – plaintiff sues within six years of patent issuance. *Hor*, Slip Op.

In *Hor*, the plaintiffs sued to correct inventorship of two patents within six years of each patent's issue date, but more than six years after defendant claimed plaintiffs should have known of their claims. The district court applied the six-year presumption of laches to grant summary judgment to defendant. It did so by starting the laches clock pre-issuance based on its view that plaintiffs could have sought to correct inventorship of the pending patent applications administratively before the USPTO. *Id.* at 7-8.

The Federal Circuit reversed and ruled that a "§ 256 claim for correction of inventorship does not accrue until the patent issues." *Hor*, Slip Op. at 7. The court relied on the text of § 256, its *Advanced Cardiovascular* precedent, and the reality that pre-issuance administrative remedies are not "adequate substitutes for a § 256 inventorship claim." *Id.* at 8. The earliest the laches period can begin, the court concluded, is the date on which the patent issues. *Id.* at 7. Thus, a presumption of laches is unavailable, as a matter of law, when plaintiff files its § 256 action within six years of patent issuance. *Id.* at 10.

Here, Motorola seeks a laches presumption against Memorylink's § 256 claim to correct inventorship of the '352 patent based on the very same arguments that *Hor* has now expressly rejected. In fact, Motorola's briefing relied upon, and urged this Court to follow, the now-reversed district court decision in *Hor*. (Moto's Br. in Sup. at 20-21, ECF # 314; Moto's Reply Br. at 14, ECF # 339.) Like the defendant in *Hor*, Motorola argued that the laches clock should begin before the '352 patent issued because of the pre-issuance administrative remedies available

under the Patent Act. Under the controlling authority of *Hor*, however, the laches period cannot begin before the '352 patent issued on February 18, 2003. Because Memorylink sued on June 9, 2008 — within six years of the patent's issue date — the presumption of laches is legally unavailable to Motorola, regardless of when Memorylink discovered, or should have discovered, that inventorship was wrong. *See Hor*, Slip Op. at 10. Thus, *Hor* did not merely overrule authority; it legally forecloses Motorola from obtaining any presumption of laches.

Second, Motorola tries to do damage control by incorrectly interpreting *Hor* as allowing the Court to "consider Memorylink's knowledge of the underlying facts since 1998 to find Memorylink's delay unreasonable and prejudicial." (Moto. Mot. ¶ 3.) Motorola's position is flatly contradicted by *Hor's* plain holding. Again, *Hor* held that the laches period cannot begin until after the patent issues. Thus, to count any time that passed prior to the patent's issuance against Memorylink (and Memorylink does not admit that it had any knowledge of the inventorship issue prior to 2007 let alone prior to the issuance date) would eviscerate *Hor's* holding that the laches period cannot begin to run until after the patent issues. Indeed, *Hor* specifically noted that "[n]othing could be more unreasonable or more certainly violative of constitutional prohibitions than to bar rights of action because of the lapse of time prior to their accrual, when they could not have been exercised." *Hor*, Slip Op. at 7, *quoting Lamb v. Powder River Live Stock Co.*, 132 F. 434, 443 (8th Cir. 1904). Therefore, any period prior to the issuance of the '352 patent cannot be counted against Memorylink, regardless of when it discovered, or should have discovered, that inventorship was wrong.

Based on this new binding authority and the reasons set forth in Memorylink's prior summary judgment filings, the Court should deny summary judgment to Motorola on its laches defense.

        Respectfully submitted,

         /s/ Peter T. Berk
        Richard N. Kessler
        Peter T. Berk
        McDONALD HOPKINS LLC
        300 N. LaSalle, Suite 2100
        Chicago, IL 60654
        312-280-0111
        *Counsel for Plaintiff Memorylink Corporation*

## **CERTIFICATE OF SERVICE**

  I, Peter T. Berk, an attorney, hereby certify that on November 15, 2012, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing System and in compliance with the General Order on Electronic Case Filing, Section III(B)(1). Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

             /s/Peter T. Berk

{4051420:}