IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEMORYLINK CORPORATION,<br><br>                              Plaintiff,<br>v.<br><br>MOTOROLA MOBILITY, INC., and<br>MOTOROLA SOLUTIONS, INC.<br><br>                              Defendants. | Case No. 08 CV 3301 |

**MEMORYLINK'S MOTION TO ENTER FINAL JUDGMENT UNDER RULE 54(B)
ON CLAIMS DISPOSED BY SUMMARY JUDGMENT AND UNDER RULE 12(B)(6)**

      Memorylink moves this Court to enter final judgment on the claims disposed by summary judgment and under Rule 12(b)(6) – Counts 2 to 26 – and to expressly determine that there is no just reason to delay Memorylink's appeal of the judgment on those claims in accordance with Federal Rule of Civil Procedure 54(b).

## Introduction

      The Court has now disposed of all of Memorylink's claims, except for a single claim seeking correction of inventorship of U.S. Patent No. 6,522,352 ("the '352 patent"). But, as the Court's summary judgment order acknowledged, Memorylink has no incentive to pursue that claim if a 1998 patent assignment to Motorola (the "Assignment") is valid. That is because, even if Memorylink wins the inventorship dispute and Motorola's employees are removed from the patent, Memorylink still could not sue Motorola for infringement, for a valid assignment would make Motorola a co-owner of the '352 patent. And one cannot infringe a patent it owns.

{4526126:2}

While this Court's summary judgment order, and the Court's previous 12(b)(6) ruling, eliminated Memorylink's claims that the Assignment is invalid, Memorylink may appeal those decisions to the United States Court of Appeals for the Federal Circuit and, if appropriate, seek certiorari from the United States Supreme Court. Either of those courts could reverse, put the validity of the Assignment back in play, and thereby revive Memorylink's interest in its inventorship claim.

Now is the most efficient time for Memorylink to appeal judgment on the presently-disposed claims to find out if it is worthwhile to litigate the inventorship dispute. If the appellate courts affirm, then Memorylink will have no reason to pursue its inventorship claim and the case will be over, without any more appeals and without any further need to litigate the inventorship issue. If the higher courts reverse, then whatever claims are remanded can be tried with the inventorship claim in a single trial. This streamlined procedure would allow the parties to learn whether Memorylink has any reason to pursue a change of inventorship—by virtue of an appeal—before either party spends time and money actually litigating that claim.

To achieve this, the Court should find there is no just reason for delaying Memorylink's immediate appeal of judgment on the disposed claims and enter final judgment on them under Federal Rule of Civil Procedure 54(b).

**Factual Background**[1]

In 1997, Memorylink's Peter Strandwitz and Bob Kniskern conceived of and developed a way to take a digital video and send it wirelessly from one small handheld device to another—technology now found on most cellphones, smartphones, and tablets. Shortly after their conception, Strandwitz and Kniskern approached Motorola to obtain a radio board for their invention. Motorola supplied the radio board, but required them to sign several one-sided agreements.

Those agreements included a patent assignment (the "Assignment") that purported to give Memorylink and Motorola shared ownership of any patent to the wireless video invention, which ultimately became U.S. Patent No. 6,522,352 ("the '352 patent"). Strandwitz and Kniskern signed the Assignment only because they believed their attorney Hugh Dunlop (who also was a Motorola in-house attorney), and followed his conflicted and mistaken advice. Dunlop told them that Memorylink would have to share ownership with Motorola because Motorola's employees were co-inventors and had to be named on the patent application. This, Memorylink would later learn, was not true.

Motorola then used the technology it took through the Assignment to add the revolutionary wireless video features to its cell phones, and it made millions.

In 2007, Memorylink's outside counsel discovered that Motorola had secretly applied for and obtained a patent to a related video-camera invention that Memorylink had disclosed to Motorola in the late '90s in confidence, U.S. Patent No.

---

[1] The facts set forth here are derived from, and supported by, the declarations submitted by Memorylink in opposition to summary judgment.

6,573,938 ("the '938 patent"). That discovery, together with the attorney's discovery that Motorola's employees were not true co-inventors on the '352 patent, revealed that Motorola had intentionally duped Memorylink.

Memorylink sued in June 2008.

## Procedural Background

On February 23, 2009, this Court dismissed many of Memorylink's claims under Rule 12(b)(6). (Order, ECF # 59.) In October 2009, the Court reconsidered its dismissal, in part, by reinstating some of the claims—either entirely or to the extent they relate to the '938 patent. (Order, ECF # 89.)

In May 2012, Motorola moved for summary judgment on all remaining claims. (*See* ECF # 313-315.)

On August 15, 2013, the Court granted Motorola's motion almost entirely. In doing so, the Court ruled, among other things, that: (i) there was no genuine dispute that the Assignment is valid and supported by adequate consideration; (ii) the claim for infringement of the '352 patent could not proceed because the Assignment made Motorola a co-owner of the '352 patent; (iii) Memorylink had failed to prove that Strandwitz and Kniskern had invented the technology claimed by the '938 patent, requiring dismissal of its inventorship, fraud, tort, and breach claims related to that patent; and (iv) Memorylink failed to evidence that it was a party to the NDA on which it sued. (Order, ECF # 357.)

The Court denied summary judgment to Motorola on Memorylink's claim to correct inventorship on the '352 patent. The Court noted, however, that

"Memorylink may have no economic incentive to maintain" the inventorship claim since the Court had ruled that Motorola co-owns the patent and, therefore, cannot be sued for infringement regardless of who the true inventors are. (Order at 14, ECF # 357.)

At a September 18, 2013, status conference, Memorylink raised the fact that it would be more efficient to appeal the adverse rulings now—and find out if inventorship is worth pursuing—before actually litigating and potentially appealing that claim. Memorylink explained that, if it loses on an immediate appeal, it would drop its inventorship claim and the case would be entirely over. The Court then directed the parties to try to agree upon a stipulated dismissal that would allow Memorylink to appeal immediately and preserve its right to pursue the inventorship claim if it wins on appeal. (*See* ECF # 358.) On September 25, 2013, Memorylink sent Motorola a fair and straightforward proposal, consistent with the Court's instructions.[2] Under that proposal, Memorylink would dismiss the inventorship claim without prejudice and would only be permitted to reinstate the claim if it prevailed on appeal.

Motorola rejected that proposal and told Memorylink that it would not stipulate to any dismissal unless Memorylink forever dismissed and never appealed 23 of its claims. In other words, if Memorylink wanted an immediate appeal, it would have to pay Motorola for it. Noticeably, Motorola's letter did not complain that Memorylink's proposal was unworkable, was prejudicial, or would not produce

---

[2] Copies of the correspondence exchanged by the parties in trying to reach a stipulation are attached as Exhibit 1.

a final and appealable judgment. Rather, it rejected Memorylink's proposal because it did not provide enough incentive for Motorola to work with Memorylink.

Memorylink then reminded Motorola that the intended purpose of the stipulation was to streamline the case for the parties and Court, not to allow Motorola to use Memorylink's desire for an appeal as leverage to obtain a favorable settlement on most of Memorylink's claims. Memorylink then offered a revised proposal that, as a compromise, incorporated a term from Motorola's proposal. Motorola countered by reducing its demand on the number of claims to be permanently dismissed, but still demanding that Memorylink forever dismiss and not appeal most of them.

As the intent of a stipulation was to allow Memorylink to immediately appeal—not to give up its appeal rights—Motorola's demands made it impossible to reach a stipulation. Thus, Memorylink now must move to enter final judgment on the disposed claims so it can appeal that judgment now. As explained below, allowing an immediate appeal is more efficient than requiring the parties and Court to first litigate the inventorship claim to completion.

## Law and Argument

I. **The Court Should Enter Judgment Under Rule 54(b)**

    A. **Rule 54(b) Standard**

Rule 54(b) allows the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims . . . if the court expressly determines that there is no just reason for delay." Rule 54 relaxes the prior restrictions on appeals in multi-

claim cases, confirms that "some final decisions, on less than all of the claims, should be appealable without waiting for a final decision on all of the claims," and gives the district court broad discretion as "dispatcher" to determine when to allow what would otherwise be an interlocutory appeal. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 432 (1956).

A court may certify a judgment under Rule 54(b) when: (i) it enters a judgment that is truly "final" as to the claims to be appealed; and (ii) there is no just reason to delay appeal on those claims. *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992). The finality of judgment on the certified claims is reviewed *de novo*, while the "no just reason for delay" determination is reviewed for abuse of discretion. *Id.* Federal Circuit law, rather than regional circuit law, controls whether a court should certify claims for appeal under Rule 54(b) in a patent case such as this. *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 830 (Fed. Cir. 2003).

### B.  A Judgment On The Presently-Disposed Claims Would Be Final

A judgment is final as to certified claims when it ends the litigation on the merits of those claims and leaves nothing for the court to do but execute the judgment. *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 883 F. Supp. 2d 772 (N.D. Ill. 2012), *quoting Catlin v. United States*, 324 U.S. 229, 233 (1945); *W.L. Gore*, 975 F.2d at 863. The Court here has dismissed with finality all of the claims, other than Claim 1, under Rule 12(b)(6) and 56. (*See* Orders at ECF # 59, 89, 357.) Those claims have been entirely disposed of, and there is nothing left for the Court

to do but enter judgment on them. Thus, an entry of final judgment on those claims would be truly final.

### C. There Is "No Just Reason To Delay" Memorylink's Appeal On The Disposed Claims

The district court has broad discretion to determine whether there is "no just reason for delay," and may consider several factors. Such factors include the "judicial administrative interests," the "equities involved," and "whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that that no appellate court would have to decide the same issues more than once even if there was subsequent appeals." *Trading Techs.*, 883 F. Supp. 2d at 780-81. Although overlap of issues is a factor, overlap alone will not foreclose certification when other reasons justify certifying the claims for appeal. *W.L. Gore*, 975 F.2d at 864, *citing Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 n.2 (1980).

"In determining the appropriate time when each final decision in a multiple claims action is ready for appeal, this Court exercises a great deal of discretion in the interest of efficient administration of judicial resources." *Trading Techs.*, 883 F. Supp. 2d at 781.

Here, there is no just reason for delaying appeal of judgment on the disposed claims.

First, allowing an immediate appeal is the most efficient way to proceed and most benefits "judicial administrative interests." If certification is granted and Memorylink loses entirely on appeal, then Memorylink will not proceed with its

pending inventorship claim and the case should be entirely over. That is much more efficient than having the parties litigate inventorship before they learn—from the appellate courts—whether that claim is even worth fighting over. Courts have ruled that an immediate appeal should be allowed for efficiency when a party agrees not to pursue a remaining claim if it loses on appeal. For example, in *Doe v. United States*, the Federal Circuit exercised jurisdiction over an appeal where, as here, the appellants "expressed their intention to drop th[e remaining] claim in the event that the trial court's judgment on the other claims is affirmed." 513 F.3d 1348, 1354 (Fed. Cir. 2008).

Even if Memorylink prevails on appeal, in whole or in part, allowing an appeal now would still be more efficient. That is because any remanded claims likely would be tried with the inventorship claim in a single trial. Whereas, if no Rule 54(b) certification is granted, any potential remand of those claims would not occur until after the trial on inventorship because Memorylink would have to wait for final judgment on all claims before appealing. That would require an inefficient second trial to decide the remanded claims.

Second, there is no overlap of issues that would cause the Federal Circuit to consider the same issue more than once if multiple appeals occurred. The issue on appeal of the prior dismissals under Rule 12(b)(6) would be whether—assuming the truth of Memorylink's allegations, viewing them in a light most favorable to Memorylink, and drawing all reasonable inferences in its favor—the claims were plainly barred by the statute of limitations or otherwise failed to state a plausible

claim. *See Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008). That question presents entirely distinct and separate issues from whether the Court correctly decided inventorship on the '352 patent, if an appeal were to be taken from that future decision.

Likewise, the issues raised on appeal of the Court's summary judgment decision would be separate and distinct from any future appeal on the inventorship claim. The main appeal issues likely would include whether Motorola carried its burden to demonstrate consideration for the Assignment and, if so, whether Memorylink's evidence created a genuine dispute on the consideration question; whether Memorylink presented clear and convincing evidence that Strandwitz and Kniskern should have been named as the inventors on the '938 patent; and whether Memorylink can sue on the NDA based on the evidence presented.

There is no overlap between those issues and the legal and factual issues that would be litigated in resolving the inventorship claim on the '352 patent and any subsequent appeal. That is especially true because, in granting summary judgment, the Court expressly declined to analyze inventorship of the '352 patent by ruling that valid consideration exists "*even if* it turns out that [Motorola's employees] should not have been listed as inventors of the '352 Patent." (Order at 11, ECF # 357 (emphasis in original).)

Therefore, allowing an immediate appeal of judgment on the disposed claims would conserve judicial resources and there is no just reason to delay that appeal.

## Conclusion

For the foregoing reasons, the Court should grant this motion, direct entry of final judgment on Claims 2-26, and expressly determine that there is no just reason for delay under Rule 54(b) of the Federal Rules of Civil Procedure.

    Respectfully submitted,

    /s/ Peter T. Berk
    Richard N. Kessler
    Peter T. Berk
    McDONALD HOPKINS LLC
    300 N. LaSalle, Suite 2100
    Chicago, IL 60654
    312-280-0111
    *Counsel for Plaintiff Memorylink Corporation*

## **CERTIFICATE OF SERVICE**

      I, Peter T. Berk, an attorney, hereby certify that on October 9, 2013, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing System and in compliance with the General Order on Electronic Case Filing, Section III(B)(1). Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

                                                                    /s/Peter T. Berk

{4526126:2}