IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEMORYLINK CORPORATION,<br><br>                                 Plaintiff,<br>v.<br><br>MOTOROLA MOBILITY, INC., and<br>MOTOROLA SOLUTIONS, INC.<br><br>                                Defendants. | Case No. 08 CV 3301 |

**MEMORYLINK'S REPLY
IN SUPPORT OF ITS MOTION TO ENTER FINAL JUDGMENT UNDER RULE 54(B)
ON CLAIMS DISPOSED BY SUMMARY JUDGMENT AND UNDER RULE 12(B)(6)**

As Memorylink stated in its opening brief, and Motorola does not contest, Rule 54(b) relaxes the prior restrictions on appeals in multi-claim cases, and allows the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims . . . if the court expressly determines that there is no just reason for delay." (Motion at 6-7.) Further, as Motorola does not dispute, the district court has broad discretion as "dispatcher" to determine when to allow what would otherwise be an interlocutory appeal. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 432 (1956).

In order to enter a judgment pursuant to Rule 54(b), a Court must determine that: (i) the judgment is final as to certified claims; and (ii) there is no just reason to delay appeal on those claims. Motion at 7, *citing W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992).

Motorola concedes that the first part of this test is met as to the claims dismissed pursuant to Rule 12(b)(6) as well as the claims upon which the Court granted summary judgment for Motorola. Thus, the only question remaining is whether the Court can find that there is "no just

reason to delay" appeal at this time. As Memorylink set forth in its Motion, the answer is yes. While Motorola tries to obfuscate the issue, as explained more fully below, and in Memorylink's Motion, none of Motorola's arguments suffice to preclude an immediate appeal of all of these claims, which will conserve both judicial and the parties' resources, and be the most efficient course of action.

In order to determine whether there is "no just reason to delay" the appeal under Rule 54(b), the Court looks at the judicial administrative interests as well as the equities of the case. *Continental Datalabel, Inc. v. Avery Denison Corp.*, 2012 WL 6091248, *2 (N.D. Ill. Dec. 7, 2012), *citing Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). Factors informing such a decision include, but are not limited to, whether the claims under review are separable from those remaining to be adjudicated and whether the nature of the claims already determined "was such that no appellate court would have to decide the same issues more than once" even on a later appeal. *Continental Datalabel*, 2012 WL 6091248 at *2, *quoting Curtiss-Wright*, 446 U.S. at 7.

In its response, Motorola presents two arguments that it claims preclude the granting of Memorylink's Motion – first, that there is factual overlap between the issues to be appealed and the issues remaining to be adjudicated (Resp. at 3-5), and, second, that granting the motion will lead to piecemeal appeals on the same issues (Resp. at 5-6). Motorola is wrong on both counts.

**A.     There Is No Factual Overlap Between The Issues Remaining And The Issues To Be Appealed, And Any Overlap That May Exist Is Insufficient to Deny Memorylink's Motion**

Motorola claims that Memorylink's Motion should be granted because of factual overlap between the issues to be appealed and the issues remaining to be adjudicated in this Court. Motorola, however, oversimplifies the issue. In making its argument, Motorola assumes that because inventorship remains to be decided in this Court, and some of Memorylink's allegations

in its original Complaint, and some arguments on the motion to dismiss and summary judgment mentioned inventorship, (Resp. at 4) there is a factual overlap between the issues and the Motion must be denied. Motorola is incorrect for two reasons.

First, when determining whether factual overlap exists, courts look specifically at the factual issues that will be presented on appeal and the factual issues presented in the remaining claims – not just the general relationship of the claims. *E.g., Ty, Inc. v. Publications Int'l Ltd.*, 292 F.3d 512, 516 (7th Cir. 2002) (in determining propriety of entry of 54(b) final judgment, considering "the only facts before us on this appeal" to determine possible factual overlap); *Continental Datalabel*, 2012 WL 6091248 at *2 (granting 54(b) final judgment and finding no factual overlap looking at issues appellate court would actually need to consider); *W.M. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 2010 WL 4115427, *4 (N.D. Ill. Oct. 18, 2010) ("the court of appeals need not delve into these factual issues [that the non-movant claimed overlapped] . . . in order to review the Court's legal conclusion" at issue). Here, there is no factual overlap between the claims presented for appeal and the claims remaining to be adjudicated in this Court. The only remaining claim to be adjudicated in this Court is inventorship, which will be determined by reviewing the relevant evidence on inventorship. As Memorylink pointed out in its Motion, the claims on appeal will involve issues of (a) whether Memorylink's allegations in support of its claims that were dismissed were sufficient to overcome statute of limitations issue and the Court's belief that Memorylink admitted that it knew of its claims, and (b) whether Memorylink presented facts sufficient to create an issue of fact to preclude entry of summary judgment. (Motion at 9-10.) Neither of these issues will require the appellate court to, as Motorola argues, consider the facts surrounding Memorylink's claim that Motorola's employees were not proper inventors. For example, whether consideration existed for the assignment will

not cause the appellate court to look into the inventorship issue because this Court's decision was made assuming that Memorylink was correct on the inventorship issue and ignoring those facts. *See* ECF #357 at 11; *Continental Datalabel*, 2012 WL 6091248 at *2 (no overlap as to factual issue of technical similarity as, in granting summary judgment, court assumed technical similarity). Nor do Memorylink's fraud claims (including invalidating the assignment based on such fraud), which were dismissed on the 12(b)(6) motion, require an examination of inventorship issues. Rather, the appellate court will look at the *allegations* regarding fraud that were made by Memorylink, take them as true, and determine if Memorylink stated a claim.

Second, even if this Court were to determine that some factual overlap exists, that does not mean that Memorylink's Motion must be denied. *See, e.g., Continental Datalabel*, 2012 WL 6091248 at *3, *citing Curtiss-Wright*, 446 U.S. at 8, n.2; *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 883 F.Supp.2d 772, 781 (N.D. Ill. 2012) ("Although factual overlap is relevant, the existence of some factual overlap is not determinative under Rule 54(b)."). Rather, it is just one factor the Court is to consider and weigh against the other circumstances, such as efficiency. Here, an appeal may alleviate the need for any trial because, if Memorylink loses entirely on appeal, then Memorylink will not proceed with the only remaining pending claim for correction of inventorship, and the case will be over. Given that, the small potential factual overlap should not preclude granting the Motion. *See also Doe v. United States*, 513 F.3d 1348, 1354 (Fed. Cir. 2008) (Federal Circuit exercised jurisdiction over an appeal where appellants "expressed their intention to drop th[e remaining] claim in the event that the trial court's judgment on the other claims is affirmed.")[1]

---

[1] A further discussion of the efficiencies of allowing an appeal now is at pages 6-7 *infra*.

The cases Motorola cites in support of its argument regarding factual overlap are distinguishable as involving extensive factual overlap and circumstances markedly different from the case at bar. For example, in *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 2007 WL 2070275 (N.D.Cal. July 16, 2007), Motorola fails to point out that (a) the patent at issue (including construction of its terms) was on appeal to the Federal Circuit from a separate case, fully briefed, and stayed pending the final outcome of the case pending before the Northern District of California, (b) the same patent (and thus construction of its terms) was at issue in yet another Federal court case in another district and scheduled for trial in September, and (c) the defense of invalidity for obviousness, which had been decided on evaluation of evidence, had significant overlap with the remaining defense based on inequitable conduct. *Id.* at *1-2. Here, no such circumstances exist – there are no other cases involving the patents at issue, and, as explained above, there is no factual overlap between the claims sought to be appealed and the remaining claim. *See also Respironics, Inc. v. Invacare Corp.*, 2007 WL 1965241, *4 (W.D. Pa. July 3, 2007) (all patents at issue, some of which subjects of the counts sought to be appealed and some which were not, were all related, were all from the same family of patents, and all contained overlapping claim terms, and issues of construction and infringement analysis relating to those terms would be at issue on appeal as well as in the remaining claims); *Finnsugar Bioproducts, Inc. v. Amalgamated Sugar Co.*, 244 F.Supp.2d 890, 891, 893 (N.D. Ill. 2002) (decided on a motion to reconsider a prior decision, from another judge in the same district, denying a motion for certification under Rule 54(b), the court noted that the only argument presented in favor of the motion was the Federal Circuit's reversal rate on the issue sought to be appealed (invalidity due to the on sale bar), and further noted that the decision granting summary

judgment based on that defense had factual overlap with the defendant's remaining counterclaim).

**B.      There Will Not Be Piecemeal Appeals**

Motorola also, incorrectly, asserts that granting Memorylink's Motion will result in piecemeal appeals. (Resp. at 5-6.) The fact is that granting the requested appeal now will result in judicial administrative efficiency and, potentially, *avoid* needless additional appeals. If an appeal is allowed now, one of two things will happen:

- Motorola prevails on appeal – then the case will be over and there will be no additional resources spent on a trial in this Court, or on any subsequent appeals; or

- Memorylink prevails in a way that puts the validity of the assignment at issue – then discovery can be completed on any additional issues and there can be one trial in this Court on all issues, and any appeal can follow therefrom on all of the issues.

Thus, allowing an appeal now, as requested by Memorylink, results in, at most, one trial and one potential additional appeal, and potentially no trial and no additional appeal.

If, however, no appeal is allowed at this time, then the parties and the Court will be required to expend resources on a trial on inventorship.[2] After that, an appeal (or cross-appeals) will be taken. If Memorylink prevails in some part on that appeal after the inventorship trial, then the parties will return to this Court, perform any additional discovery necessary (such as on the claims dismissed under 12(b)(6) or other claims reinstated by the appellate court), then hold other proceedings depending on the appellate court's ruling (such as a hearing on claim

---

[2] As discussed below (at page 9) this is not a small proposition as Motorola claims.

construction), and, ultimately, have a second trial covering all of the issues, which will likely result in yet another appeal on the same issues.³

In short, granting an appeal now is more efficient. Requiring that the parties wait, guarantees at least one trial, and likely a second, as well as at least one, and likely two, appeals on the same issues.

Again, Motorola's one citation (Resp. at 5-6) is inapposite to the situation at bar. *See Fina Oil & Chem. Co. v. Ewen*, 41 F.3d 1519 (Fed. Cir. 1994)⁴ (issues for appeal and those remaining in district court concerned factual analysis of inventorship of related patents, and thus, same factual inventorship issues would be addressed in a subsequent appeal on the remaining claims if an appeal was allowed under 54(b) – here, as explained previously, such facts do not exist).

Motorola also argues, without a basis in law, that an appeal in a previous, separate action should preclude appeal here. (Resp. at 5.) Memorylink, separate from this case, brought an attorney malpractice claim against Motorola and individual Motorola in-house attorneys (Case No. 09 C 7401). That case was dismissed on the basis of Illinois' statutes of limitations and repose relating to attorney malpractice claims, and affirmed on appeal. The rules relating to the statutes of limitations and repose on Illinois attorney malpractice claims is not at issue in the present case, and will not be at issue in any appeal from this case. Thus, that prior appeal is irrelevant. Moreover, Motorola does not cite a case where a prior, concluded appeal on unrelated issues precluded the granting of a Rule 54(b) motion in a completely separate case.

---

³ Allowing the appeal now also allows the parties, if the 12(b)(6) dismissal is reversed in whole or in part, to do that discovery now and have the trial in this Court include such discovery.

⁴ Notably, this is an unpublished decision of the Federal Circuit Court of Appeals and is designated by that Court as not to be cited as precedent. 41 F.3d 1519; CTAF Rule 47.6.

C.  **Motorola's Other Assertions**

In a last ditch attempt to preclude an appeal, Motorola also throws in the arguments that (i) the rulings on the Motion to Dismiss are too old to be appealed under Rule 54(b), (ii) the inventorship trial will be a short two to three day event, and (iii) that future events might impact any appellate review. Neither of these arguments should prevail.

First, Motorola cites a transcript from *Clearwater Sys. Corp. v. Evapco, Inc.* to support the argument that 54(b) certification should not be granted on the claims dismissed under Rule 12(b)(6), as "no just reason for delay" cannot be found for claims that have been decided and dormant for a long period of time. (Resp. at 3.) But a closer examination of the situation in *Clearwater* reveals that Motorola's reliance on the judge's in-court statement is misplaced. In *Clearwater*, the parties attempted to obtain Rule 54(b) certification on various issues in the case. Not only did the parties seek certification on patent issues (which was granted), but also on an older trade secret claim. (*See* Transcript of Proceedings dated January 26, 2009. at 2-3, a full copy of which is attached hereto as Exhibit 1.) The trade secret claim, which the judge was discussing when the quote Motorola relies on was made, was dismissed four or five years earlier. (*Id.* at 4.) However, the Court also pointed out, in making its comments as to why the 54(b) motion may not be appropriate for that claim, that the trade secret claim was brought as a request for injunction, which was denied, and that the plaintiff had a right of immediate appeal yet elected not to proceed with an appeal. (*Id.* at 2-4; *see also* 28 U.S.C. §1292(a)(1).) Given that plaintiff chose not to proceed with an immediate appeal and instead amended their complaint to add new claims, the Court stated that 54(b) certification may not be appropriate as to the trade secret claim. Here, the claims dismissed under Rule 12(b)(6) could not be immediately appealed. Additionally, Memorylink sought reconsideration of that dismissal, which was denied.

Moreover, at that time, Memorylink still had other related claims pending, including other bases for the invalidity of the assignment (one claim relating to which had been dismissed and one which remained). Thus, *Clearwater* is inapposite.[5]

Second, the inventorship trial will not be a simple two to three day event. Rather, prior to holding an inventorship trial, the Court must first hold a claim construction hearing (as the parties do not agree on the construction of 8 terms for the '352 Patent, which is at issue in the remaining claim for correction of inventorship), and construe the relevant terms. *Trovan, Ltd. v. Sokymat SA*, 299 F.3d 1292, 1302 (Fed. Cir. 2002); *Yeda Research and Dev. Co v. Imclone Sys., Inc.*, 443 F. Supp. 2d 570, 617 (S.D.N.Y. 2006). Once that hearing is held, then the parties can prepare, under those constructions, for an inventorship hearing, which, given the voluminous documents and deposition testimony in this case, is likely to take more than Motorola's estimated "two to three days." While Motorola can easily afford expending resources for such an endeavor, Memorylink does not have the same resources (especially when the Court noted that "Memorylink may have no economic incentive to maintain" the inventorship claim given the Court's other rulings).

Finally, Motorola cites to *Church & Dwight Co., Inc. v. Abbott Labs.*, 2007 WL 1101446, *2 (D.N.J. April 11, 2007) for the proposition that the fact that a future decision by this Court or future action in this case might moot the need for the Federal Circuit to review certain issues. (Resp. at 6.) But if that factor were sufficient no case would ever warrant 54(b) certification as there could always be future events that moot the need for an appeal – the parties could settle, a corporate plaintiff or defendant may dissolve, time may pass such that relief is no longer

---

[5] If this Court believes that the claims dismissed under Rule 12(b)(6) should not be certified pursuant to Rule 54(b) because of the length of time, or some other issue, Memorylink requests that the Court still enter final judgment on its grant of summary judgment.

necessary or available, etc. Indeed, another case cited by Motorola, *Precision Energy Servs., Inc. v. Thrubit, LLC*, 2013 WL 1966974, *4 (S.D. Texas May 13, 2013) pays mere lip service to this issue stating "there always exists the possibility that the need for appellate review may be mooted by a future settlement of [the] lawsuit or by other future events occurring before entry of final judgment." Thus, this point should carry little, if any weight, especially given the efficiencies and saving of resources, judicial and party, gained by granting Memorylink's Motion.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Memorylink's Motion, there is no just reason to delay appeal under Rule 54(b) as the claims that would be under review are separable from the remaining inventorship claim, and the appellate court would not have to decide the same issues more than once. Memorylink, therefore, respectfully requests that its Motion To Enter Final Judgment Under Rule 54(b) On Claims Disposed By Summary Judgment And Under Rule 12(b)(6) be granted, a final judgment be entered as to those claims, and the Court expressly determine that there is no just reason for delay under Rule 54(b) of the Federal Rules of Civil Procedure as to those claims.

Respectfully submitted,<br>
MEMORYLINK CORP.<br><br>
By: /s/ Peter T. Berk<br>
One of its Attorneys

**ATTORNEYS FOR PLAINTIFF**
Richard N. Kessler
Peter T. Berk
McDONALD HOPKINS LLC
300 N. LaSalle, Suite 2100
Chicago, IL 60654
312-280-0111
*Counsel for Plaintiff Memorylink Corporation*

## CERTIFICATE OF SERVICE

I, Peter T. Berk, an attorney, hereby certify that on November 8, 2013, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing System and in compliance with the General Order on Electronic Case Filing, Section III(B)(1). Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

/s/Peter T. Berk

{4566957:3}